THE CITY OF WATERBURY *vs.* JOHN MACKEN ET AL.

Third Judicial District, New Haven, January Term, 1924.

WHEELER, C. J., BEACH, CURTIS, KEELER and WEBB, Js.

By Chapter 233 of the Special Laws of 1921, the public parks of the City of Waterbury are placed under the care, management and control of a board of park commissioners, with power to acquire, "and the City of Waterbury to hold," property for public parks "by condemnation or by contract." *Held* that under this Act the board was made the agent of the city—the legal title-holder of park property—to negotiate or institute condemnation proceedings for the acquisition of such property, and hence might properly initiate such proceedings in the name of the city.

The defendant property-owners in the condemnation proceedings, contended that the plaintiff must allege an appropriation by the city for the intended public improvement, under a provision of its charter (Special Acts of 1895, p. 469, § 133) requiring an appropriation as a prerequisite to a public improvement. *Held* that this provision did not apply to a proceeding for condemnation brought under the Act of 1921.

The defendants further contended that the action of the General Assembly in naming the members of the board of park commissioners, in fixing their terms of office and in giving to them the power to name their successors, violated our social compact and Bill of Rights. *Held* that the well-settled construction of our Constitution was to the contrary.

A town or city has no inherent right of local self-government not subject to the legislative will, unless given such by State or Federal Constitution.

Costs are the creature of statute, and unless the statute clearly provides for them courts cannot tax them.

Under General Statutes, §§ 5183, 5186, applicable to condemnation proceedings, the expenses and costs incurred by the committee should be taxed by the court or judge and paid by the municipal corporation, but not the legal costs and expenses of a defendant property-owner.

Revisers are not presumed to intend to change the law.

Argued January 23d—decided March 1st, 1924.

APPEAL by the defendants from a judgment of the Superior Court in New Haven County, *Nickerson, J.,* accepting the report of a committee awarding the defendants $12,500 as damages for taking their land for park purposes, for alleged errors in overruling (*Wolfe, J.*) the demurrer to the complaint. *No error.*

*Lawrence L. Lewis,* for the appellants (defendants).

*Charles O'Connor,* for the appellee (plaintiff).

WHEELER, C. J. The complaint sets out that at a duly-named meeting of the board of park commissioners of Waterbury, it was voted to purchase certain real property owned by the defendant John B. Macken, for an addition to Waterville Park in Waterbury, and to authorize its president, Terrence F. Carmody, to negotiate with the defendants John B. Macken and M. L. Macken, mortgagee, for its purchase, for a price not in excess of $10,000; and that if Macken would not agree to sell for this sum, to authorize president

Carmody to take such steps as might be necessary for, and on behalf of this board, to condemn "said property in the manner provided by law"; and that the plaintiff and Macken were unable to agree upon the amount to be paid for this property, wherefore the plaintiff prayed for the appointment of a committee to ascertain the value of the land and assess just damages to Macken and the mortgagee, and report their doings to the court.

The defendants demurred because the board of park commissioners had no authority to bring this action in behalf of the city, and that it should have been brought by the board.

The title to all property used for park purposes in Waterbury is in the City of Waterbury. Special Laws of 1921, Chap. 233, §§ 3, 5 and 15. The public parks and all park property of the City of Waterbury are placed by this Act (§ 1 and § 3) under the care, management and control of the board of park commissioners. The board, as the Act in its entirety clearly shows, is a ministerial board of the City of Waterbury, charged with this duty of care, management and control. The city provides the funds for the purposes of the board, exercises a supervisory control over its expenditures and its books, and through its board of aldermen rejects or approves the board's selection of members.

Section 3 provides: "The board shall have power to acquire, and the City of Waterbury to hold, property, whether within or without the corporate limits of said city, for the purpose of establishing public parks . . . by condemnation or by contract for the same," etc. We think this provision gives the board the power to acquire by condemnation property for the City of Waterbury; the board is constituted the agent of the city to conduct the negotiation for purchase or for condemnation in behalf of the city and not for itself.

Section 16 specifies that the board may proceed to condemn property in the manner provided for the condemnation of land by municipal corporations by the General Statutes of the State. That method is that of General Statutes, § 5186. The action of the board in conferring upon its president the authority to conduct the negotiation, and, if necessary, the condemnation proceeding, was a reasonable delegation by it of its power to carry out its ministerial duty. The complaint is drawn in accordance with the usual practice, and neither General Statutes, § 5186, nor any other provision of law, requires that there be a recital of the authority of the board to act or vote in condemnation proceedings. The board acted in virtue of a statute of the State amending the charter of the City of Waterbury as granted to it by the General Assembly.

The final ground of demurrer criticises the sufficiency of the allegations of the complaint in its failure to allege that any appropriation has been made by the City of Waterbury to pay for this public improvement. This, it is urged, is made a prerequisite to the institution of this proceeding by § 133 of Chapter 329 of the Special Acts of 1895, p. 469, which provides: "No public improvement of any kind shall be ordered by the board of aldermen or other authority having power to authorize the same, until an appropriation for said improvement has been duly made, and funds to pay for the same have been provided and set apart for that purpose." Chapter 233 of the Special Laws of 1921, creating the board of park commissioners, is an independent Act, and the section of the charter quoted has no relation to the proceeding for condemnation under the Special Law of 1921. The terms of this Act indicate this, and its 17th section expressly provides for the repeal of all Acts inconsistent with it.

By amendment, an additional ground is added to the

demurrer, viz: that this Special Act is unconstitutional in that it violates Article 10, § 2, and Article 32 of the Constitution of the State of Connecticut. The defendants' contention is that the action of the General Assembly in naming the members of the board, in fixing their terms of office and giving to them the power to name their successors, violates our social compact and Bill of Rights. We do not deem it necessary to discuss the constitutional question involved in this ground of demurrer. The matter has been before us on other occasions and the construction accorded by us to the provisions of the Constitution involved been definitely fixed. We cannot sustain this ground of demurrer without reversing our former decisions, and this we have no disposition to do. It is too late to reopen the questions settled by these decisions. Towns in Connecticut have no inherent rights, and "no powers except such as are expressly or impliedly granted to them by the legislative power of the State." The City of Waterbury was created after the adoption of our Constitution by our General Assembly, which gave and which can take away or add to these powers. The town and city of Waterbury has no inherent right of local self-government not subject to the legislative will, unless given such right by State or Federal Constitution. *Webster* v. *Harwinton,* 32 Conn. 131, 137, 139; *State ex rel. Bulkeley* v. *Williams,* 68 Conn. 131, 149, 35 Atl. 24, 421; *Booth* v. *Woodbury,* 32 Conn. 118, 126.

The defendants also assign as error the ruling of the court that the defendants in this proceeding were entitled to no costs or expenses. Section 16 of Chapter 233 of the Special Laws of 1921, under which this proceeding is brought, provides that the procedure to be followed shall be that applying to condemnation proceedings by municipal corporations, and § 5183 of the General Statutes provides that this procedure shall

be that provided by § 5186, concerning the condemnation of land for the site of county buildings. All of the procedure therein specified, together with its provision for the payment of the expenses and costs of the hearing, applies to the present proceeding. Section 5186 provides that "the expenses and costs of said hearing, including a reasonable compensation for the members of the committee [to assess just damages] shall," in the condemnation of a site for county buildings, be taxed by the court or judge, "and paid by the . . . county." So that the question we are to determine is, what is meant by the expenses and costs of the hearing and the reasonable compensation for the members of the committee? Section 5186 provides the procedure for condemning land or other property for an armory, or a State institution, or for a county, town or school district. It is a consolidation in one section of some nine sections of the Revision of 1902 as amended, together with Chapter 84 of the Public Acts of 1907. In § 4108, § 4110 and § 4113 of the Revision of 1902, relating to the condemnation proceeding by the county, town or district, it is provided that these public bodies shall pay the committee making the assessment a reasonable compensation to be taxed by the court or judge. In § 4104 of the Revision of 1902 and Chapter 84 of the Public Acts of 1907, relating to the condemnation proceeding for an armory or state institution, it is provided that "the expenses and costs of said hearing before the court or judge" shall be paid by the armory commission in the proceeding instituted by them, and by the trustee or directors of the State institution in the proceeding instituted by them. In none of these statutes is provision made for the payment of costs, as such. The revisers of the General Statutes of 1918 are not presumed to have intended to change the law. *Westfield Cemetery Asso.* v. *Danielson,*

62 Conn. 319, 26 Atl. 345; *Hartford Builders Finish Co., Inc.* v. *Anderson,* 99 Conn. 343, 122 Atl. 76. Costs are the creature of statute (*Lew* v. *Bray,* 81 Conn. 213, 217, 70 Atl. 628), and unless the statute clearly provides for them courts cannot tax them. The provisions to which we have referred in § 4108, § 4110, § 4113, Revision of 1902, were never construed to include costs, and that meaning cannot be reasonably attributed to the same language when found in the Revision of 1918. As we have seen, the provision as to "expenses and costs of said hearing" was never made applicable to the proceeding by county, town or school district, so that if it were now held to apply not only to the expenses of the hearing but to costs in favor of the defendants, it would add a new meaning to this phrase and enact a new statute. We have examined a number of charters of our cities and in none have we found provision for the awarding of costs as such in condemnation proceedings. In the assessment of just damages in a condemnation proceeding, the legal costs and expenses which may have been incurred by a defendant cannot be adjudged as part of his just compensation. These may be allowed him by statute as taxable costs, but if so, they are given him by force of the statute and not as part of his just compensation. In the instant case we have no statutory authority for costs. *New Milford Water Co.* v. *Watson,* 75 Conn. 237, 52 Atl. 947, 53 id. 57. The costs and expenses of the hearing provided for in § 5186 are not those incurred by the defendant, but those incurred by the committee; and this we understand to have been the ruling of the trial court.

There is no error.

In this opinion the other judges concurred.