## TOWN OF CLINTON v. CLARA A. WALLER

SUPERIOR COURT    MIDDLESEX COUNTY    FILE NO. 10240

Memorandum filed July 13, 1949.

*Day, Berry* and *Howard*, of Hartford, and *John B. Kidney*, of Clinton, for the Plaintiff.

*Joseph J. McGuinness*, of New Haven, for the Defendant.

INGLIS, J.  This proceeding was brought, under the authority of § § 4770 to 4774, inclusive, of the General Statutes, to condemn land of the defendant in connection with harbor improvements.  The procedure followed was that set forth in § 7181.

The committee appointed by the court to appraise the property to be taken filed its report on May 28, 1949.  The motion for the acceptance of the report was filed on June 25.  In the meantime, i. e., on June 10, the plaintiff filed a withdrawal of the action.  The question to be decided is whether the filing of such a withdrawal prevents the acceptance of the committee's report.  The answer to this question depends upon the resolving of two subordinate questions.  These are, first, the question whether the plaintiff is free to abandon the condemnation proceedings after the committee's report has been filed and, second, if it may do so, whether it has the right at such a time to terminate the action by merely filing a withdrawal.

As regards the first question, it is almost universally held that, in the absence of a statutory provision to the contrary and in the absence of any estoppel, where the statutes under which the condemnation is authorized do not contemplate the passing of title before confirmation or judgment, the condemning party may abandon the proceedings at any time before the judgment, even though an award of damages has already been returned. Note, 121 A. L. R. 12, 31. And such is the established law in this state. *Stevens* v. *Danbury,* 53 Conn. 9; *Bristol* v. *Bristol Water Co.,* 85 Conn. 663, 670. The "punctum temporis" after which the condemnor may not abandon the proceeding is ordinarily the time at which the respective rights of the parties are changed by the transfer of the title to the land condemned.

The statutes under which this proceeding is had contain nothing to alter the general rule. Indeed, § 7182, which provides for a transfer of possession of the property pending the proceedings provided for by § 7181, expressly recognizes the right of the town to withdraw the proceedings even after possession of the property has been turned over.

There is nothing in this case to create an estoppel against the plaintiff's terminating the proceedings. See *Carson* v. *Hartford,* 48 Conn. 68. Certainly the mere fact that the condemnation was started and the further fact that the defendant has been put to expense in presenting her case to the committee do not raise such an estoppel. As is said in *Stevens* v. *Danbury,* supra, 22: "There may be a hardship in compelling a land or mill-site owner to hold his property in entire uncertainty, after an assessment, whether it will be taken or not; but the inconvenience is of the same kind which attends all proceedings for the taking of land for public improvements, and which is incidental to the ownership of property in a community and especially in a city." And, as regards expenses, even though upon the abandonment of these proceedings the property owner may not recover them, she is in a no different situation than she would have been if the proceedings had been carried through to a finish. Such expenses are not recoverable even after judgment. *Waterbury* v. *Macken,* 100 Conn. 407, 412. In this case the defendant's position has not been worsened in the eyes of the law by anything which the plaintiff has done in connection with the proceedings thus far.

There is therefore nothing in this case to preclude the application of the general principle that condemnation proceedings

may be adandoned at any time prior to the time title to the land vests. The statutes under which this proceeding was brought contemplate that title vests in the plaintiff only upon the acceptance of the committee's report and the entry of judgment thereon. It is concluded that at this time the plaintiff is free to elect to withdraw the proceedings.

The second question is whether the plaintiff may withdraw the case from court simply by filing a written withdrawal. There can be no question that this is a civil action. *Pettis* v. *Pomfret,* 28 Conn. 566, 570. It is therefore covered by General Statutes, § 7801. That section provides in part: "The plaintiff may withdraw any action so returned to and entered in the docket of any court, before the commencement of a hearing on the merits thereof. After the commencement of a hearing on an issue of fact in any such action, the plaintiff may withdraw such action, or any other party thereto may withdraw any cross complaint or counterclaim filed therein by him, only by leave of court for cause shown."

In this case the hearings on an issue of fact, that is, the hearing before the committee, has been had. Accordingly, under the statute, the plaintiff may not now withdraw the case as a matter of right. It may do so "only by leave of court for cause shown." For that reason the withdrawal filed by the plaintiff did not effectively terminate the action.

In view of the fact that the plaintiff has clearly indicated that it intends to abandon the condemnation proceedings, an election which it is entitled to make, the committee's report should not be accepted and judgment entered thereon at this time. The plaintiff should be given a reasonable opportunity to move under the statute for leave to withdraw the action, showing as a cause therefor that it has elected to abandon the proposed condemnation.

Accordingly, the motion to accept the committee's report is denied, without prejudice, however, to the defendant's right to renew it in the event that the plaintiff fails to file within a reasonable time a motion for leave to withdraw the action.