BOARD OF PUBLIC UTILITIES COMMISSIONERS OF THE CITY OF NORWICH v. ALICE C. L. JOHNSON, ADMINISTRATRIX, ET AL.

SUPERIOR COURT        NEW LONDON COUNTY        FILE No. 24709

BOARD OF PUBLIC UTILITIES COMMISSIONERS OF THE CITY OF NORWICH v. FRANKLIN A. POZEPIURA ET AL.

SUPERIOR COURT        NEW LONDON COUNTY        FILE No. 24710

Memorandum filed December 3, 1957.

*Orrin Carashick,* of Norwich, for the plaintiff in both cases.

*Camp, Williams & Richardson,* of New Britain, for the defendants in both cases.

ALCORN, J. The issue on the motion in each of the above-captioned cases is identical. The plaintiff seeks, under authority of § 7182 of the General Statutes, permission to enter immediately upon land situated in the town of Preston on which it is seeking to condemn a right of way for an electric transmission line with its appurtenances. There is no dispute as to the public necessity involved, but the defendant property owner in each case contests the statutory right of the plaintiff to the order sought.

It is the plaintiff's claim that its right to condemn arises from No. 573 of the 1951 Special Acts (26 Spec. Laws 459), entitled "An Act concerning a Consolidated Government for the City and Town of Norwich and a Proposed Charter Therefor," but that the condemnation procedure to be used is that set forth in § 7181 of the General Statutes, supplemented, so far as applicable, by §§ 7179 and 7182. The plaintiff relies upon the provisions of the General Statutes referred to as authority for the order

sought and, in particular, upon § 7182. The defendants, on the other hand, claim that the plaintiff's authority rests solely upon the special law, which defines the procedure to be followed and does not permit possession pending condemnation proceedings.

In resolving this conflict, certain propositions fundamental to condemnation proceedings in general must be the starting point. Each finds its reason in the drastic nature of the proceeding, which requires safeguards to protect private property against abuses. While the right of condemnation is a necessary incident of sovereignty, the authority to condemn must be strictly construed in favor of the owner of the land, and the authority given must be strictly pursued. *State* v. *McCook,* 109 Conn. 621, 630. The delegation by the legislature of the power of eminent domain is limited by its express terms or by clear implication from the language used. *Northeastern Gas Transmission Co.* v. *Collins,* 138 Conn. 582, 592. And the statute authorizing the taking must itself provide the means of securing just compensation or must incorporate it by reference. *State* v. *McCook,* supra.

Turning then to the statutes and special law here involved, it is clear, first of all, that No. 573 of the 1951 Special Acts does not, in express terms, provide for possession pending condemnation. It does in chapter 3, § 1 (3) and (38), confer on the city of Norwich, "in addition to all powers granted to . . . cities under the constitution and general statutes of the state of Connecticut," the power "to . . . condemn . . . such real and personal property as the purposes of the city may require"; 26 Spec. Laws 460; "and to take by eminent domain any lands, rights, easements, privileges, franchises or structures which may be necessary for the purpose of establishing, constructing or maintaining any public work, either

within or without the city limits, or for any municipal purpose in the manner prescribed by the general statutes." Id., 462.

It is significant to note at this point that the legislature did not, in this special law, as it might have done, and as it in fact did in other comparable cases, provide specifically that such condemnation proceedings should be "subject to the provisions of section 7179 of the general statutes." 27 Spec. Laws 549; 26 Spec. Laws 1170; Cum. Sup. 1955, § 282d.

Special Act No. 573 then goes on, in chapter 12, § 2, to provide that "the production and distribution of . . . electricity . . . by the city of Norwich, both within and without the limits of the city consolidation district and the agencies and facilities used for said purpose shall be under the jurisdiction, control and management of" the plaintiff board of public utilities commissioners. 26 Spec. Laws 502. The section goes on to authorize the board to sue and be sued in its own name and provides that "[a]ll damage claims arising out of the operations of the board shall be deemed the responsibility of and be liquidated by the board." The board is also given the right to "exercise the right of eminent domain on behalf of the city whenever such action is required by public necessity or convenience." Id., 505, § 14. Section 17 of the same chapter then provides a procedure for appraising damages "by reason of any act which may have been done under any provision of this chapter." Id., 505.

If it be assumed that the power of eminent domain conferred on the plaintiff board by chapter 12 is to be exercised by it with the aid of the power of eminent domain conferred on the city itself by chapter 3, § 1 (3) and (38), a point not now decided, there still would remain the question as to whether, even under the power conferred on the city, the right of possession pending condemnation would be permitted.

It appears that the city is required to proceed "in the manner prescribed in the general statutes." 26 Spec. Laws 462, § 1 (38). That means by the procedure outlined in § 7181 of the General Statutes. *Waterbury* v. *Macken*, 100 Conn. 407, 410. The purpose of §§ 7181 and 7182 is to implement the power of eminent domain. *Housing Authority* v. *Pezenik*, 137 Conn. 442, 449.

Section 7182 makes provision for possession pending condemnation proceedings and is the only source of authority relied upon by the plaintiff for the order sought here. By its express terms, § 7182 allows an order for immediate possession in proceedings brought under § 7179 or § 7181. The present proceeding is not brought under § 7179. It is brought under Special Act No. 573. The procedure, however, upon the assumed premise which is not now decided, is that prescribed in § 7181. The only instances under that section in which § 7182 allows an order for immediate possession are specifically enumerated, namely: counties taking land for a county building; § 7173; a town taking land for a town hall or outbuilding; § 7174; a school district taking land for a schoolhouse or outbuildings; § 7175; the state taking land or water rights for a state institution; § 7177; or a town taking land for a fireproof record building. § 7184.

In order to find a basis for plaintiff's claim that it can have an order for possession under § 7182, the assumption must be made not only that the legislature left the city to § 7181 for its procedure but also that it impliedly added to § 7182 condemnation for the erection of an electric power line as an additional instance in which possession might be ordered. In the light of the principles and statutes involved, no such implication is warranted.

The motion is denied.