[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE TAXATION OF EXPERTS' CHARGES AND COSTS
After verdicts were received in this action plaintiffs filed a single bill of costs in which they seek taxation of costs, inter alia, for the "testimony preparation time" for six expert witnesses. That time amounts to a total of $14,500. Defendants object to the taxation of the testimony preparation time as costs.
The court has been offered no example from any records and briefs of our appellate courts showing a bill of costs containing an expert's "testimony preparation time", or any functional equivalent. The court has found none in its own limited search.
All of the experts in question are practitioners of the healing arts. All were brought in as experts.
Law
Conn. Gen. Stats. 52-260(f) provides in pertinent part as follows:
 "When any practitioner of the healing arts as defined in section 20-1 . . . is summoned to give expert testimony in any action or proceeding, the court shall determine a reasonable fee to be paid to the practitioner . . . and taxed as part of the costs in lieu of all other witness fees payable to the practitioner. . . ."
The court does not read the word "summoned" as used CT Page 6625 in that subsection of the statute to require that the person be given a summons or a subpoena requiring attendance. However, in reading subsections (a), (b), and (c) we might interpret summoned to mean subpoenaed because the word "required" is part of those subsections. Of course, we also have subsection (g) which clearly speaks of the time when an accountant is "subpoenaed."
That subsection (g), PA. 83-251, was added by the legislature in 1983. It was the first time the statute spoke of subpoenaing a person. That section does not appear to distinguish between fact and expert witnesses but because it refers only to persons subpoenaed the court infers it must pertain only to fact witnesses. In the legislative history of that subsection, we find Representative Looney making the following statement in the House of Representatives: "Mr. Speaker, the bill [Substitute for Senate Bill 1061] provides for the payment to public accountants of a reasonable fee as determined by the court when the public accountant is subpoenaed to testify by an adverse party." House Proc. 1983 Sess. P. 4523. From that this court concludes that the subpoenaed accountants are to be brought in only as fact witnesses under that subsection.
Conn. Gen. Stats. 52-260 throughout subsections (a) through (f) speaks of summoning witnesses, not subpoenaing them. But it is clear that subsections (a) through (e) refer only to fact witnesses. Our subsection (f) refers only to particular kinds of expert witnesses. Very specifically subsection (g) is a way to pay licensed accountants for their time as fact witnesses when they are subpoenaed.
Subsection (f) pertains only to fees for our practitioner experts. Thus, if a practitioner is brought to court solely as a fact witness he is not entitled to rely on subsection (f) and be awarded reasonable fees. A fact witness practitioner of the healing arts would seem to be entitled only to fees under subsections (a) through (e).
When we compare our condemnation statute, 48-26, we see that no part of it either requires attendance by an expert or speaks of summoning or subpoenaing. The statute provides that when a condemnor takes property by eminent domain "the court may order the condemnor to pay the reasonable appraisal fees and reasonable fees for expert CT Page 6626 testimony incurred by the property owner in connection with such proceeding." From that we can see that whether ordered to be paid under that statute or to be taxed under C.G.S. 52-260 (f) the fees of an expert are to be set by the same guideline — reasonableness.
In 1992 State Trial Referee Spallone considered that the preparation time of an engineering expert who testified in a condemnation case was worth 80% of what his court time was worth and allowed it as a taxable cost. Fasulo v. Town of Clinton, #60409 (4/7/92), Superior Court, Middlesex J.D. Thus, for the purposes of that condemnation case, an expert's preparation time was considered in setting a reasonable fee.
As every first year law student knows, trials are "90% preparation and 10% presentation." In this case plaintiffs' counsel did an outstanding job of presentation of the case to the jury but quite obviously that had resulted from preparation at an Olympic level. The court does not expect that level of preparation from every expert witness. However, the court would consider an expert who testified with no preparation to be a representative of a minuscule minority and possibly "not worth his salt."
"Costs are the creature of statute . . . and unless the statute clearly provides for them courts cannot tax them." Waterbury v. Macken, 100 Conn. 407, 413.
Our statute clearly provides for the taxation of "a reasonable fee" for expert practitioners of the healing arts who come to court to give opinions.
The testimony preparation time of the plaintiffs' experts is allowed as part of taxable costs.
N. O'Neill, J. CT Page 6627