## GAETANA MARY KEANS *v.* PAUL BOCCIARELLI
### (12056)

LAVERY, LANDAU and SCHALLER, Js.

Argued February 16—decision released July 26, 1994

*Craig A. Fontaine,* with whom was *Matthew G. Conway,* for the appellant-appellee (defendant).

*M. Hatcher Norris,* with whom was *Alan J. Rome,* for the appellee-appellant (plaintiff).

SCHALLER, J. The defendant in this dental malpractice action appeals from the judgment of the trial court in favor of the plaintiff. The trial court awarded the plaintiff damages of $20,000, but reduced the award by $5034.46 after finding that the plaintiff had failed to mitigate her damages. On appeal, the defendant claims that the trial court improperly (1) found that the plaintiff had proven that the defendant was negligent, (2) found that the plaintiff had failed to mitigate damages rather than finding comparative negligence on the part of the plaintiff, and (3) granted the plaintiff an excessive award of damages. The plaintiff claims on cross appeal that the trial court improperly (1) found that the plaintiff had failed to mitigate damages, and thereby reduced the amount of damages by the amount of her hospital costs, and (2) failed to award costs to the plaintiff for the videotaped deposition testimony of her medical expert. We affirm the trial court's judgment.

The trial court could reasonably have found the following facts. On July 19, 1990, the plaintiff consulted the defendant, an oral surgeon, to have a tooth extracted. On the initial visit to the defendant, the plaintiff informed the defendant that she suffered from myelofibrosis, a rare blood disorder that inhibits production of red blood cells and platelets, thereby affecting the blood clotting ability of afflicted individuals. The plaintiff's condition requires her to receive frequent blood and platelet transfusions and to self-administer interferon injections. The plaintiff further informed the defendant that her platelet count was 39,000. The defendant performed the extraction without first consulting the plaintiff's hematologist, concluding that the plaintiff "looked good" and would not

require a platelet transfusion. The plaintiff remained in the defendant's recovery room until the area around the extraction site stopped bleeding and was sent home with a prescription for penicillin and a pamphlet detailing postoperative instructions. After returning home, the extraction site began to bleed. The plaintiff's son called the defendant, who advised him that the plaintiff should bite down on a tea bag to release tannic acid to facilitate blood clotting. The plaintiff made no further effort to contact the defendant that day, despite worsening of her condition.

The next morning, the plaintiff contacted Richard Hellman, her hematologist, who admitted her to the hospital. The plaintiff, diagnosed with neutropenia, severe thrombocytopenia, severe anemia and myelofibrosis, was hospitalized for three days and was discharged on July 23, 1990, with no permanent injuries.

The trial court, finding the plaintiff's expert to be more credible than the defendant's experts, concluded that the plaintiff had sustained her burden of proof regarding her claim of malpractice. The plaintiff's expert testified that the defendant deviated from prudent and standard dental practice by failing to consult the plaintiff's hematologist prior to proceeding with the extraction.

In reliance on *Preston* v. *Keith,* 217 Conn. 12, 584 A.2d 439 (1992), the trial court concluded that the plaintiff's failure to follow the defendant's postoperative instructions led to the hospitalization, and determined that damages should be mitigated to the extent of the plaintiff's hospitalization expense.

## I

### THE DEFENDANT'S APPEAL

### A

"In order to prevail in a medical malpractice action, the plaintiff must prove (1) the requisite standard of

care for treatment, (2) a deviation from that standard of care, and (3) a causal connection between the deviation and the claimed injury." *Sammose* v. *Hammer-Pasaro Norwalk Chiropractic Group, P.C.,* 24 Conn. App. 99, 102–103, 586 A.2d 614, cert. denied, 218 Conn. 903, 588 A.2d 1079 (1991). "To prove that a physician has breached the legally required standard of care, the plaintiff must offer some evidence that the conduct of the physician was negligent." *Campbell* v. *Palmer,* 20 Conn. App. 544, 548, 568 A.2d 1064 (1990), citing *Snyder* v. *Pantaleo,* 143 Conn. 290, 295, 122 A.2d 21 (1956). "[T]estimony of an expert witness is necessary to establish both the standard of proper professional skill or care on the part of a physician . . . 'and that the defendant failed to conform to that standard of care.' " *Campbell* v. *Palmer,* supra, 548, quoting *Mather* v. *Griffin Hospital,* 207 Conn. 125, 131, 540 A.2d 666 (1988).

The plaintiff's expert testified that the conduct of the defendant deviated from prudent and standard dental practice. He testified that because the plaintiff reported a low platelet count, the defendant should have consulted her hematologist prior to attempting the extraction. One of the defendant's experts reported that on the one occasion that he himself performed an extraction on a myelofibrotic patient he consulted with a hematologist. The trial court determined that the plaintiff's expert was more credible than that of the defendant, and that a causal connection existed between the deviation from prudent and standard dental practice and the plaintiff's initial injury. We conclude that the trial court's finding that the plaintiff had established the elements necessary to prove dental malpractice by the defendant was not clearly erroneous.

B

The trial court applied the doctrine of mitigation of damages and reduced the award by the amount of the

plaintiff's hospitalization expense. Our Supreme Court has stated that "[w]e have long adhered to the rule that one who is injured by the negligence of another must use reasonable care to promote recovery and prevent any aggravation or increase of the injuries." (Internal quotation marks omitted.) *Preston* v. *Keith,* supra, 217 Conn. 15. "When there are facts in evidence that indicate that a plaintiff may have failed to promote his recovery and do what a reasonably prudent person would be expected to do under the same circumstances, the court, when requested to do so, is obliged to charge on the duty to mitigate damages." *Jancura* v. *Szwed,* 176 Conn. 285, 288, 407 A.2d 961 (1978). "[A]lthough the defendant need not specially plead [a duty to mitigate damages], the defendant 'must bring forward evidence that the plaintiff could reasonably have reduced his loss or avoided injurious consequences . . . .' " *Preston* v. *Keith,* 20 Conn. App. 656, 663–64, 570 A.2d 214 (1990), rev'd in part, 217 Conn. 12, 584 A.2d 439 (1991). To prevail, the wrongdoer " 'must show that the injured party failed to take reasonable action to lessen the damages; that the damages were in fact enhanced by such failure; and that the damages which could have been avoided can be measured with reasonable certainty.' " *Preston* v. *Keith,* supra, 217 Conn. 22, quoting 2 M. Minzer, Damages in Tort Actions (1989) § 16.10, pp. 16–18.

The trial court concluded that the three requirements to establish a failure to mitigate damages set forth in *Preston* v. *Keith,* supra, 217 Conn. 22, were proven. The trial court found that the plaintiff's conduct exacerbated her initial injury. The trial court found that the plaintiff failed to take reasonable action to lessen the damages by neglecting to fill the prescription for penicillin and by not following the defendant's postoperative instructions. The trial court further found that this failure on the part of the plaintiff caused the need for her hospitalization. We conclude that the trial

court's reduction of the damage award for this reason was not clearly erroneous. We, therefore, also reject the plaintiff's contention on cross appeal that the trial court improperly reduced her award.

### C

The defendant next contends that the plaintiff's damage award of $14,965.54 for her pain and suffering was excessive. At the outset, we note the "question of damages in personal injury cases . . . is always a difficult one." *Prosser* v. *Richman,* 133 Conn. 253, 256, 50 A.2d 85 (1946). The "amount of an award is a matter peculiarly within the province of the trier of facts." *Pisel* v. *Stamford Hospital,* 180 Conn. 314, 342, 430 A.2d 1 (1980); *Angelica* v. *Fernandes,* 174 Conn. 534, 535, 391 A.2d 167 (1978). Because we find that the amount of the damage award was properly within the bounds of fair and reasonable compensation and is far from "shock[ing to our] sense of justice"; *Herb* v. *Kerr,* 190 Conn. 136, 139, 459 A.2d 521 (1983); we find that the trial court did not abuse its discretion in assessing the damages.

### II

#### THE PLAINTIFF'S CROSS APPEAL

#### A

The plaintiff first claims that the trial court improperly reduced her award of damages through the application of the legal doctrine of mitigation of damages. On the bases of our discussion and our previous determination of the issue of mitigation of damages, we conclude that the trial court did not improperly reduce her award.

#### B

The plaintiff also contends that the trial court improperly refused to grant the plaintiff's motion to accept a bill of costs, specifically, with reference to an item relating to the videotaped testimony of the plaintiff's

expert. Because the plaintiff failed to file a written motion to set aside, we review this claim under the standard of plain error.[1]

It is well settled that the "right to costs must be based on some statute or authorized rule of the court. *Condon* v. *Pomroy-Grace,* 73 Conn. 607, 614, 48 A. 756 (1901); see also *Bridgeport Gas Co.* v. *United Mine Workers,* 21 Conn. Sup. 331, 154 A.2d 530 (1959)." *Triangle Contractors, Inc.* v. *Young,* 20 Conn. App. 218, 221, 565 A.2d 262 (1989). The statute clearly provides that the bill of costs under General Statutes § 52-257 includes each witness *"attending court."* (Emphasis added.) Because the testimony of the plaintiff's expert was presented in court in the context of a videotaped deposition, rather than in person, the trial court did not commit plain error when it determined that the expert did not attend court for purposes of taxation of costs under § 52-257.

The judgment is affirmed.

In this opinion the other judges concurred.

---

[1] When an appellant has failed to move to set aside the verdict as required by General Statutes § 52-228b and Practice Book § 320, plain error is the appropriate standard of review. *Saporoso* v. *Aetna Life & Casualty Co.,* 221 Conn. 356, 363, 603 A.2d 1160 (1992); *Prishwalko* v. *Bob Thomas Ford, Inc.,* 33 Conn. App. 575, 580, 636 A.2d 1383 (1994). "The court may in the interests of justice notice plain error not brought to the attention of the trial court. . . ." Practice Book § 4185. "Such review is reserved for truly extraordinary situations where the existence of the error is so obvious that it affects the fairness and integrity of and public confidence in the judicial proceedings. *Saporoso* v. *Aetna Life & Casualty Co.,* supra, 363, quoting *State* v. *Hinckley,* 198 Conn. 77, 87–88, 502 A.2d 388 (1985)." (Internal quotation marks omitted.) *Prishwalko* v. *Bob Thomas Ford, Inc.,* supra, 580–81.