[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S OBJECTION TO COSTS
On June 15, 1995, this court sustained the plaintiff's real estate tax appeal on property located in the town of Wethersfield and ordered the reduction of the fair market value of the subject property from $45,821,600 to $44,071,091 on the grand lists of October 1, 1992, through October 1, 1994.
On November 29, 1995, the plaintiff filed a bill of costs totalling $16,834.60, which included an appraiser's fee of $16,487.50. On December 12, 1995, the defendant filed an objection to the plaintiff's bill of costs. On January 26, 1996, the plaintiff filed a motion for judgment requesting that the court enter judgment in favor of the plaintiff, pursuant to General Statutes § 12-117a, for an amount equal to the overpayment of municipal real estate taxes, together with interest and the costs detailed in the plaintiff's bill of costs. On February 8, 1996, the defendant filed an objection to the plaintiff's motion for judgment, on the ground that the motion for judgment includes costs totalling $16,834.60.
The parties have resolved the issue of the refund of the overpayment of real estate taxes and interest. The defendant concedes that the plaintiff is entitled to the ordinary bill of costs, which include an entry fee, sheriff's fee, and indemnity fees, amounting to $347.10. The remaining issue in this case is whether the plaintiff is entitled to appraisal fees in the amount CT Page 4381 of $16,487.50.[1]
The defendant's objection to the recovery of appraisal fees by the plaintiff rests on two arguments: first, that there is no authority that allows appraisal fees as part of the costs of this action, and second, that General Statutes § 52-260(f) authorizes the payment of real estate appraisal fees only if the appraiser has been "summoned" to give expert testimony.
Section 12-117a recites, in part, "if the assessment made by the board of tax review is reduced by said court, the applicant shall be reimbursed by the town or city for any overpayments of taxes, together with interest and costs . . . . Upon motion, said court shall, in event of such overpayment, enter judgment in favor of such applicant and against such city or town for the whole amount of such overpayment, together with interest and costs."
"The term `costs' may be defined, in a literal sense, as statutory allowances to a prevailing party in a judicial action in order to reimburse him for expenses incurred in prosecuting or defending the proceeding." 20 Am.Jur.2d 8 Costs § 1, p. 8. Historically, no costs were awarded to either party at common law. Smith v. Smith, 114 N.E.2d 480, 481 (Ohio App. 1952). "The right to costs must be based on some statute or authorized rule of the court." Keans v. Bocciarelli, 35 Conn. App. 239, 245,645 A.2d 1029 (1994), cert. denied, 231 Conn. App. 934, 650 A.2d 172
(1994), citing Condon v. Pomroy-Grace, 73 Conn. 607, 614,48 A. 756 (1901).
The Supreme Court recently addressed the issue of whether fees paid by the plaintiff for the preparation of an appraisal report are taxable costs pursuant to General Statutes §§ 12-117a
and 52-260(f). M. DeMatteo Construction Co. v. New London,236 Conn. 710, A.2d (1996). Appraisal fees must be broken down to fees for appraisal reports and fees for the appraiser's court testimony, since there is no authority for this court to award appraisal fees related to the preparation of an appraiser's report. Id. "[T]he legislature did not intend that a fee incurred for an appraisal report be included as a taxable cost under § 12-117a." Id. The Court in DeMatteo further found that § 52-260(f), by its express terms, treats as taxable only those costs arising from an expert appraiser's testimony at trial. Id. Therefore, we cannot award costs for the preparation of the plaintiff's appraisal report. CT Page 4382
In DeMatteo, the issue of whether fees for the testimony at trial of the plaintiff's appraiser were taxable costs was not before the court. See id., 713 n. 5. Subsection (f) of General Statutes 52-260 recites, in part: "When any . . . real estate appraiser is summoned to give expert testimony in any action or proceeding, the court shall determine a reasonable fee to be paid to the . . . real estate appraiser and taxed as part of the costs in lieu of all other witness fees payable to the . . . real estate appraiser." (Emphasis added.)
The defendant objects to the assessment of the real estate appraisal fees because the appraiser in the present action was not "summoned" as required in § 52-260(f). The parties acknowledge that the real estate appraiser in the present action was not "summoned" to court to testify but came voluntarily at the request of the plaintiff. This precise issue was raised inAndover Lake Management Assn., Inc. v. Town of Andover, Superior Court, Judicial District of Tolland, Docket Number CV92-0050306 (October 17, 1995) (Rubinow, STR). Judge Rubinow concluded that an appraiser must be summoned as a condition precedent to the award of fees. Id., 5.
We can find no legislative history of § 52-260(f) to explain why the legislature used the word "summoned" in that subsection as a condition precedent to being reimbursed for costs. However, we are mindful of the statutory construction rule that "[a] statute should be construed so that no word, phrase or clause will be rendered meaningless." Verrastro v. Sivertsen,188 Conn. 213, 221, 448 A.2d 1345 (1982).
Where the words of the statute are clear, we cannot speculate as to what the legislature intended, but rather consider what the intention was as expressed by the language used. Verrastro v. Sivertsen, supra, 188 Conn. 220. "A fundamental tenet of statutory construction is that `statutes are to be construed to give effect to the apparent intention of the lawmaking body.'Robinson v. Unemployment Security Board of Review, 181 Conn. 1,6, 434 A.2d 293 (1980)." Verrastro v. Sivertsen, supra. As an example of the application of these rules to statutes relating to costs, where a statute provided for a bill of costs to include witnesses "attending court," our Appellate Court has excluded costs for a videotaped deposition. Keans v. Bocciarelli, supra,35 Conn. App. 245. CT Page 4383
The intention of the legislature as expressed by the plain words of § 52-260(f) was to authorize the court to award reasonable costs for the testimony of appraisers who were "summoned" into court to testify in a municipal tax appeal. Since the plaintiff's appraiser was not "summoned" into court, we cannot allow costs related to his appearance in court.
The parties have agreed that at least the entry fee, indemnity fees and sheriff's fee, totalling $347.10, may be awarded. We will approve this sum as taxable costs. With respect to the appraisal fees, the defendant's objection to the plaintiff's bill of costs is sustained.