[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON PLAINTIFF'S REVISED BILL OF COSTS
After a plaintiffs verdict in the above-captioned personal injury action, the plaintiff filed a bill of costs on June 16, 1999 and a revised bill of costs on June 18, 1999. The defendents' objection to the plaintiffs bill of costs was filed June 25, 1999. At a hearing held on July 14, 1999, the parties stipulated that the court could determine the taxation of all costs in dispute and waived the right to a preliminary hearing before the chief clerk as provided for in section 18-5(a) of the Practice Book.
During oral argument, plaintiff indicated that she was withdrawing her claim to all costs on the first page of the revised bill of costs relating to revised or amended complaints. Further, the parties agreed to resolve the issue concerning investigative costs through the submission of invoices. The remaining items in dispute pertain to deposition and preparation fees for various physicians. CT Page 11571
"It is a settled principle of our common law that parties are required to bear their own litigation expenses, except as otherwise provided by statute. Verrastro v. Silvertsen,188 Conn. 213, 217, 448 A.2d 1344 (1982). Furthermore, because `[c]osts are the creature of statute . . . unless the statute clearly provides for them courts cannot tax them.' (Internal quotation marks omitted.) Audubon Parking Associates Limited Partnership v.Barclay Stubbs, Inc., 225 Conn. 804, 814, 626 A.2d 729 (1993);Verrastro v. Silvertsen, supra, 217; Waterbury v. Macken,100 Conn. 407, 413, 124 A. 5 (1924), appeal dismissed, 273 U.S. 646,47 S.Ct. 244, 71 L.Ed. 820 (1926)." M. DeMatteo Construction Co.v. New London, 236 Conn. 710, 715, 674 A.2d 845 (1996).
The plaintiff claims as costs the fee of $2,000 for a discovery deposition of the defendant's expert, Dr. Sanfilippo. The defendants argue that General Statutes section 52-560(f) does not permit the taxation of costs for depositions and that the plaintiff would only be entitled to $30 for the taking of a deposition within the state pursuant to section 52-257(b)(2). Section 52-260(f) reads, in relevant part, as follows: "When any practitioner of the healing arts as defined in section 20-1 . . . is summoned to give expert testimony in any action or proceeding, the court shall determine a reasonable fee to be paid to the practitioner of the healing arts . . . and taxed as part of the costs in lieu of all other witness fees payable to the practitioner of the healing arts . . ."
The statute does not limit payment to the expert for the prevailing party. For this reason, the fee for the defendants' expert physician may be recovered by the plaintiff if the remaining criteria set forth in this section are satisfied. According to the defendants, the subject fee is not recoverable because a deposition is not a "proceeding". Although there are no appellate court decisions on this issue, there are several trial court decisions which construe "proceeding" to include a deposition under section 52-260(f). Mazuroski v. Hernovich, No. 0096857 (March 7, 1997)(Pellegrino, J.); Bray v. Anderson, No. 0387656 (November 3, 1995)(Aurigemma, J.); DeRosa v. ShopriteSupermarket, No. 0440625 (November 15, 1993)(Berger, J.); Ahernv. Moskovitz, No. 0313898 (September 26, 1990)(Maloney, J.); Kirkv. Vagnini, No. 0158734 (July 1, 1975)(Berdon, J.).
This court concludes that a deposition is a "proceeding" under section 52-260(f). At oral argument, the defendants CT Page 11572 objected to the concept of awarding such a fee but did not object to the amount. The plaintiff is therefore entitled to recover $2,000 for the deposition fee of Dr. Sanfilippo.
The plaintiff also claims a fee of $2,500 for the videotaped deposition of her expert, Dr. Assael, which was played at trial. Dr. Assael was not present in court to give his testimony; his fee is not recoverable under General Statutes section 52-257.Keans v. Bocciarelli, 35 Conn. App. 239, 245, 645 A.2d 1029
(1994) (expert did not "attend court" for purposes of taxation of costs when testimony presented in the context of a videotaped deposition).
The defendants argue that Dr. Assael's fee is not a taxable cost under General Statutes section 52-260(f) either for the reason that he was not "summoned to give expert testimony." This court agrees. In Andover Lake Management v. Andover, No. 0050306 (October 17, 1995)(Rubinow, JTR), the court concluded in a well-reasoned opinion that the witness must be "summoned" as a condition precedent to the award of costs:
 In our statutes, the verb "summon" does not mean to ask or request to attend or appear, but to command to attend or appear, usually at a legislative or judicial proceeding. More than a hundred years ago, our Supreme Court recognized the duty of citizens to testify "when legally required to do so." In re Clayton, 59 Conn. 510, 521, 21 A. 1005 (1890). The procedure for "summoning" a witness is usually to serve him with a subpoena or a capias. See General Statutes, sec. 52-155(b) ("Any person summoned as a witness" refers to witness whose appearance has been compelled by a subpoena or capias.) See also General Statutes sec. 2-46 (power in legislature to compel attendance of witnesses by subpoena or capias and to punish any nonappearing person "summoned as a witness"); sec. 54-82i ("summons means a subpoena, order, or other notice requiring the appearance of a witness); sec. 52-143 (subpoena shall be served not less than eighteen hours prior to time designated "for the person summoned to appear"; any subpoena "summoning a police officer as a witness"; subpoenas for witnesses "summoned by the state"; if any person summoned by the state . . . by a subpoena"). That the verb "summon" has acquired "a peculiar and appropriate meaning in the law" (General Statutes sec. 1-1) is evidenced by one of the definitions of "summon" in Webster's New International Dictionary, Second Edition: "Law. To command by CT Page 11573 service of a summons or equivalent statutory notice appear in court."
Dr. Assael's deposition fee is not a permissible cost for the reason that he was not "summoned" by subpoena to attend the deposition as required by section 52-260(f).
The plaintiff also requests fees for the preparation of Drs. Assael, Dean, Dougherty and Miller to give testimony, citing toBray v. Anderson, No. 0387656 (November 3, 1995) (Aurigemma, J.) and Harding v. Jacoby, No. 0353674 (July 22, 1993)(O'Neill, J.) as authority for this position. These cases were decided prior to the Supreme Court decision in M. DeMatteo Construction Co. v. NewLondon, 236 Conn. 710 (1996), which this court find to be dispositive of the issue. In DeMatteo the plaintiff claimed a fee for an appraisal report under section 52-260(f), maintaining that the work necessary to the preparation of the appraisal report was essential to the appraiser's sworn testimony. The Supreme Court was not persuaded. It noted that section 52-260(f), by its express terms, allows only those costs that arise from an expert's testimony. "Although it is undoubtedly true that some or all of the work done by a real estate appraiser in preparing a report will provide the basis for the appraiser's testimony, that fact alone lends no support to the plaintiffs claim because, as we have previously stated, litigants in this state have long been held responsible for the payment of their own litigation expenses absent a clear expression of legislative intent to the contrary." Id., 718.
Although preparation was undoubtedly required by these physicians in order to testify at trial, the statute does not expressly authorize such fees to be taxable as costs. The preparation fees of Drs. Assael, Dean, Dougherty and Miller are, therefore, not recoverable under General Statutes section52-560(f).
The trial testimony fees of Drs. Dean, Dougherty and Miller are allowed as costs, the defendants having so conceded at page 3 of their Objection to Plaintiffs Bill of Costs filed June 25, 1999. The court determines fees of $ 1,500 for Dr. Dean, $450 for Dr. Dougherty and $500 for Dr. Miller to be reasonable.
In summary, the court hereby orders that the following expenses, costs and fees are taxed in favor of the plaintiff against the defendants: CT Page 11574
 First page of complaint $5.00 Three succeeding pages of complaint $6.00 Proceedings before trial $50.00 Difficult case in which defense is interposed $200.00 Deposition taken within the state $30.00 Photographs of damage to vehicles $58.36 Photographs of scene of collision $38.02 Anatomical drawings $200.00 Investigative costs $200.00 Deposition fee of Dr. Sanfilippo $2,000.00 Trial testimony of Dr. Dean $1,500.00 Trial testimony of Dr. Dougherty $450.00 Trial testimony of Dr. Miller $500.00 Sheriffs fees (service of summons and complaint) $30.00 Sheriffs travel expenses $4.80 Sheriffs fees (service of subpoenas) $140.00 Copies of medical records used in evidence $237.59 _________ TOTAL $5,649.77
Koletsky, J.