[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
In this case, the defendant was a state employee and was sued for the negligent operation of a motor vehicle pursuant to § 52-556 of the General Statutes which permits such suits. The plaintiff prevailed and has filed a bill of costs to which the defendant state has objected. The state argues costs cannot be imposed against the state. The defendant also objects to a particular cost even if it does not prevail on its general objection as to all costs. It argues that under § 52-257, the plaintiff cannot recover for the videotaped testimony of a doctor who testified in the plaintiff's behalf — the videotape was made for use at trial.
 I.
It is the general rule that the state is immune from the payment of costs unless some statute specifically authorizes costs to be imposed on the state. See "Costs — Liability of State," 72 A.L.R.2d 1379, 1383, § 2; "Costs," 20 Am.Jur.2d § 39 at page 36. Connecticut adopts that position quite emphatically in State v. Chapman, 176 Conn. 362
(1978).
The plaintiff argues that by permitting itself to be sued in actions for injuries caused by motor vehicles owned by the state (§ 52-556) the state in effect waives its right to claim sovereign immunity against costs. But "costs" are not necessarily included in the word "damages" and waiver of sovereign immunity must be strictly construed; § 52-556
only authorizes "a right of action against the state to recover damages." (Emphasis added.)
It should be noted, however, that the following language does appear inState v. Chapman, at 176 Conn., p. 366, where the court says:
 "Since we conclude that the action brought by the state to recover costs of the care rendered the defendant's decedent at a humane institution was an exercise of a governmental function, we need not address the issue of whether costs would be taxable against the state if its action were not in the exercise of a governmental function."
It might be argued that in a case where the state waives immunity as CT Page 12877 regards liability in ordinary motor vehicle negligence actions we are not talking about "governmental functions" (whatever that means in this or any other context). And along these lines it should be noted that there are cases which are said to hold that when the state assumes the position of a private litigant it waives its immunity from costs; see ARE article at p. 1383 and cases discussed in § 6 of that article where it also says that, where the state is made a defendant, costs may be imposed on the state when the state does more than merely argue its immunity from suit. See page 1393. Some courts flatly accept this proposition, cf.Ibanez, et ux v. State, 123 S.W.2d 704 (Tex. 1938). When examined closely, other cases cited for the broad proposition appear to really base their view on their interpretation of state or federal statutes allowing the imposition of costs against the state or a government agency, cf. Grand River Dam Authority v. Grand-Hydro, et al, 111 P.2d 488,489 (Okla., 1941). Cobb Corn Co., Inc. v. Unidentified Wrecked, Inc.,549 F. Sup. 540, 562 (D.Fla., 1982), talks of the discretion power of courts on admiralty actions to impose costs. In Mississippi EmploymentSec. Comm. v. Wilks, 171 So.2d 157 (Miss., 1965), the court allowed costs to be imposed against a state agency because the statute authorizing the litigation frankly was oddly worded — it said no costs shall be taxed against the state board for the "bringing of suit" with the implication that other types of costs incurred in actual litigation could be taxed, id. p. 159. In Barr v. Game, Fish Parks Comm., 497 P.2d 340
(1972), the court referred to a statute saying a state and its subdivisions are to be treated equally to other parties as to procedure and the assessment of damages and held this authorized the imposition of costs on a state agency, id. p. 344.
These cases from other jurisdictions do not lend strong support to the plaintiff's position. Our decisional law also gives a strict interpretation to sovereign immunity. In Struckman v. Burns, 205 Conn. 542
(1987), the court decided in a suit under § 13a-144 (the highway defect statute), that § 52-192(a), permitting prejudgment interest did not apply to the state since that statute contained no provision waiving sovereign immunity. Also, the court held that merely because § 13a-144, in addition to allowing a damage action against the state, waived the imposition of costs and judgment fees that could not be interpreted as a waiver of a sovereign immunity claim as to prejudgment interest under. § 52-192(a). Section 13a-144, like § 52-556, allows private actions against the state where "government function" can hardly be said to be involved and in denying relief under § 52-192(a), despite the specific waiver language in § 13a-144, the court said referring to the latter statute: "When a generalized statute allows plaintiffs to collect certain varieties of damages in particular types of civil A actions, however, it does not waive a state's sovereign immunity in that area unless there is an express waiver," 205 Conn. at p. 559; the CT Page 12878 court went on to cite State v. Chapman, supra, for a — authority quoting from its broad language disallowing costs. Section 52-257 does not specifically allow costs to be awarded against the state and §52-556 allowing the action only talks in general terms of "damages," cf.Shay v. Rossi, 253 Conn. 134, 166-167 (2000).
Another interesting case is White Oak Corporation v. Dept. ofTransportation, 217 Conn. 281 (1991). That was another case where a private cause of action was permitted against the state in contract under § 4-61 of the General Statutes. There, the court held that a prevailing plaintiff was entitled to interest and costs. The route by which the court got there was interesting. It referred to the pre-1961 amendment version of § 4-61, which stated that "all legal defenses except governmental immunity shall be reserved to state and no interestor costs shall be included in any judgment against the state. The 1961 amendment deleted the emphasized portion of the statute. The court did not say that because under the post-1961 version of the statute contract suits are allowed against the state, that fact alone entitles a litigant to costs. Rather, the court said, "If the legislature did not intend to waive immunity as to interest and costs, it would not have amended the statute to that effect." The implication being that apart from this legislative history the mere allowance of a contract action under §4-61 would not also include a right to costs against the state. No such argument from legislative history saves the argument here so the court concludes absent that type of specific and unusual legislative history costs are not permitted in this case against the state.
 II.
Assuming costs were to be allowed should the expenses of videotaping be included in costs if a medical practitioner is videotaped. Section52-260(f) describes allowable "witness fees." It says, "When any practitioner of the healing arts . . . is summoned to give expert testimony in any action or proceeding, the court shall determine a reasonable fee to be paid to the practitioner of the healing arts . . . and taxed as part of costs in lieu of all other witness fees payable to the practitioner of the healing arts. . . ."
Section 52-257 defines the "fees of parties in civil actions;" subsection (b) states "parties shall also receive: (1) for each witness attending court, his (sic) legal fee and mileage . . ." Presumably, the term "legal fee" refers to the "reasonable fee" the doctor would get under 52-260(f) and not just the fifty cents for appearing before a legal authority. Sections 52-257 and 52-260(f) deal with two aspects of taxable costs. In other words, when an expert is summoned to a deposition, the better reasoned cases define "proceeding" to include a deposition. See CT Page 12879Dann v. Bollinger, 25 CLR 385 (1999) (Koletsky, J.), listing cases. Therefore, a plaintiff, upon successful termination of litigation, would be entitled to a deposition fee. But if a doctor is subpoenaed for a videotape deposition, which is taken for the specific purpose of presentation at trial, then under § 52-257, the plaintiff would not be entitled to the reasonable fees for such testimony. This seems dictated by Keans v. Bocciarelli, 35 Conn. App. 239, 245 (1994), which, as Judge Koletsky notes, held that an expert did not "attend court" for purposes of taxation of costs when testimony was presented in the context of a videotaped deposition. Since the "right to cost must be based on some statute or authorized rule of the court," Condon v. Pomroy-Grace,73 Conn. 607, 614 (1901), the court could not award these costs even if it had held that costs could be taxed against the state.
Since the Practice Book and statutes provide that a doctor's deposition can be used willy nilly at trial, this result is incongruous and it might be said, somewhat irrational. For no apparent reason it discourages the use of videotapes at trial. In any event, the court concludes costs cannot be taxed against the state.
Corradino, J.