[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION RE: PLAINTIFF'S BILL OF COSTS
This is a personal injury action which has settled after acceptance of an offer of judgement. The plaintiff has filed a bill of costs pursuant to General Statutes § 52-194. The defendant has objected to certain of those costs as they relate to trial preparation for certain doctors and for videotaped depositions taken in advance of trial.
Section 17-12 of the Practice Book states that when a plaintiff files a CT Page 11450 timely acceptance of the defendant's offer of judgment, ". . . the judicial authority shall render judgment against the defendant as upon default for the sum so named and for the costs accrued at the time of the defendant's giving the plaintiff notice of such offer." The plaintiff is entitled to recover the costs accrued as of the date of the offer of judgment April 12, 2001. The defendant's principal objection is predicated upon the case of Keans v. Bocciarelli, 35 Conn. App. 239, 244,645 A.2d 1029 (1994). In that case the Appellate Court held:
"It is well settled that the "right to costs must be based on some statute or authorized rule of the court (citations omitted). The statute clearly provides that the bill of costs under General Statutes 52-257
includes each witness "attending court." (Emphasis added.) Because the testimony of the plaintiffs expert was presented in court in the context of a videotaped deposition, rather than in person, the trial court did not commit plain error when it determined that the expert did not attend court for purposes of taxation of costs under 52-257."
This court would err however, to rely on the Keans case since it appears to have been specifically changed by action of the General Assembly. Public Act No. 01-32 An Act Concerning Witness Fees reads in pertinent part:
Subsection (f) of section 52-260 of the general statutes is repealed and the following is substituted in lieu thereof:
f) When any practitioner of the healing arts. . . . gives expert testimony in any action or proceeding, including by means of a deposition, the court shall determine a reasonable fee to be paid to the practitioner of the healing arts. . . . taxed as part of the costs in lieu of all other witness fees payable to the practitioner of the healing arts. . . .
Sec. 2. Subsection (b) of section 52-257 of the general statutes is repealed and the following is substituted in lieu thereof:
b) Parties shall also receive: . . . (12) for the recording, videotaping, transcribing and presentation of the deposition of a practitioner of the healing arts, as defined in section 20-1, . . . the reasonable expenses incurred."
Therefore, the plaintiffs costs for the videotaping, transcribing and presentation of the depositions of all health care providers are allowed. This includes videotaping for deposition to be used for discovery or for use at trial in lieu of testimony, whether from an in-state or out of state health care provider.
The plaintiff also invites the court to award preparation fees for CT Page 11451 court testimony and for "accrued" time for experts not actually called for deposition or trial testimony. While the court agrees that these are reasonable and necessary expenses for the successful prosecution of a case, the statute does not specifically authorize the taxing of such time as a billable cost.
In M. DeMatteo Construction Company v. New London, 236 Conn. 710,674 A.2d 845 (1996) our Supreme Court has indicated "[I]t is a settled principle of our common law that parties are required to bear their own litigation expenses, except as otherwise provided by statute. Verrastrov. Sivertsen, 188 Conn. 213, 217, 448 A.2d 1344 (1982). Furthermore, because "[c]osts are the creature of statute . . . unless the statute clearly provides for them courts cannot tax them." (Internal quotation marks omitted.) Audubon Parking Associates Limited Partnership v. Barclay Stubbs, Inc., 225 Conn. 804, 814, 626 A.2d 729 (1993); Verrastro v.Sivertsen, supra, 217; Waterbury v. Macken, 100 Conn. 407, 413, 124 A. 5
(1924), appeal dismissed, 273 U.S. 646, 47 S.Ct. 244, 71 L.Ed. 820
(1926). Accordingly, the plaintiff can prevail only if the statutory provisions upon which it relies clearly empower the trial court to tax the cost of a real estate appraisal report."
In the present instance, the General Assembly has just enacted new specific language to cover additional expenses for various experts including the taxing of costs for depositions and video taped testimony. Significantly, the legislature did not include the costs associated with trial preparation or for accrued expenses of experts who have set aside time but were not called. These accrued expenses should properly be considered by counsel in negotiations and in considering whether to accept or reject an offer of judgment; they cannot be taxed under the present or former statute.
The objection of the defendant is sustained in part and over-ruled in part.
Foley, J.