LURIE AND ASSOCIATES, INC. *v.* TOMIK
CORPORATION ET AL.
(13211)

LAVERY, HEIMAN and SCHALLER, Js.

Submitted on briefs March 17—decision released May 16, 1995

*Marcus G. Organschi* and *Charles F. Brower* filed a brief for the appellants (defendants).

*Susan M. Williams* filed a brief for the appellee (plaintiff).

LAVERY, J. The defendants appeal from the judgment of the trial court challenging the trial court's decision to tax the defendant a cost of $1000 for the plaintiff's handwriting expert. The defendants claim that the trial court incorrectly awarded costs to the plaintiff for its handwriting expert where no statutory authority exists to support such an award. We agree and reverse the decision of the trial court.

The following facts are necessary to a disposition of this appeal. The plaintiff brought an action alleging breach of contract and seeking recovery of alleged sums due for certain accounting, tax preparation, and incorporation services. During its presentation of evidence, the plaintiff called a handwriting expert, as an issue of authenticity of signatures had arisen.

The court found for the plaintiff against the defendants Michael Mascetti and Tomik Corporation in the amount of $3694.83, plus 1.5 percent interest from January 1, 1993, to the date of judgment, and attorney's fees in the amount of $554.23. The court further found for the defendant Catherine Mascetti as against the plaintiff.

The plaintiff filed an amended bill of costs for its handwriting expert. The defendants filed an objection to the plaintiff's amended bill of costs. The court held that $1000 should be taxed to the defendants for the fees and services of the plaintiff's handwriting expert. The decision taxed a cost of $500 for the handwriting expert's court appearance and $500 for handwriting analysis.

The court improperly awarded costs to the plaintiff for its handwriting expert fees because no statutory authority exists for the taxing of such costs. It has long been the law in Connecticut that "[c]osts are the crea-

ture of statute . . . and unless the statute clearly provides for them courts cannot tax them." (Citations omitted.) *Waterbury* v. *Macken*, 100 Conn. 407, 413, 124 A. 5 (1924), appeal dismissed, 273 U.S. 646, 47 S. Ct. 244, 71 L. Ed. 820 (1926). In this case, the applicable statutes contain no provision authorizing the taxing of costs for handwriting experts.

This case is a civil action in which the matter in demand was less than $15,000. General Statutes § 52-257 (c)[1] establishes the costs available for such an action. Additionally, General Statutes § 52-260[2] sets

---

[1] General Statutes § 52-257 (c) provides: "In all civil actions in which the matter in demand is less than fifteen thousand dollars, the prevailing party shall receive, by way of indemnity, the following sums: (1) For all proceedings before trial, ten dollars; and (2) for the trial of an issue of fact or law, fifteen dollars, but, if more than one issue of fact or law is tried at one time, only one trial fee shall be allowed."

[2] General Statutes § 52-260 provides: "(a) The fees of a witness for attendance before any court, the general assembly or any committee thereof, when summoned by the state, or before any legal authority, shall be fifty cents a day, and for travel to the place of trial, ten cents a mile. Whenever a garnishee is required to appear before any court, he shall receive the same fees as a witness in a civil action and be paid in the same manner. A witness in a criminal trial shall receive for travel at said rate for one day only, and for each day thereafter for travel in such case shall be paid only his actual traveling expenses, not exceeding ten cents a mile. The clerk of the superior court, upon request, shall, on the day of attendance, pay the fee of any witness summoned by the state to appear before the court. In criminal trials, no fees may be allowed to bystanders called as witnesses.

"(b) When any regular or supernumerary policeman or any regular, volunteer or substitute fireman of any town, city or borough is summoned to testify in any criminal proceeding pending before the superior court or the department of liquor control and the policeman or fireman receives no compensation from the town, city or borough by which he is employed for the time so spent by him, the policeman or fireman shall be allowed and paid forty dollars, together with the mileage allowed by law to witnesses in criminal cases, for each day he is required to attend the proceedings.

"(c) When any regular or supernumerary policeman or any regular or substitute fireman is summoned to testify in his capacity as a policeman or fireman in any court in a civil action and the policeman or fireman receives no compensation from the municipality by which he is employed for the time he is in attendance at court, there shall be allowed and paid to the policeman or fireman a witness fee of forty dollars, together with the mileage

forth the costs available for witnesses generally, and for certain enumerated categories of witnesses. Neither section contains any provision for the award of fees for a handwriting expert.

Under § 52-257 (c), the plaintiff's recovery of costs is limited to $10 for all proceedings before trial, and $15 for the trial of an issue of fact. That statute does not authorize the plaintiff to tax costs for fees of a handwriting expert such as the plaintiff seeks in this case.

General Statutes § 52-260 sets forth fees available for witnesses. For court attendance, costs may be taxed at fifty cents a day, and ten cents a mile for travel to the place of trial. Section 52-260 also provides specific fees and mileage allotments for police and firefighters

allowed by law to witnesses in criminal cases, for each day he is required to attend court. If the policeman or fireman testifies in any such proceeding or civil action on a vacation day or compensatory day off, he shall be paid the sum of forty dollars, together with the mileage allowed by law, notwithstanding the fact that he is receiving compensation for such day from the town, city or borough by which he is employed.

"(d) The amounts paid under subsections (b) and (c) of this section shall be taxed as a part of the costs, and shall be in lieu of all other witness fees payable to such policeman or fireman.

"(e) When any person is confined in a community correctional center upon the allegation of the state's attorney that he will be a material witness in a pending criminal proceeding, he shall receive, in addition to his legal fees as a witness, two dollars for each day that he is so confined.

"(f) When any practitioner of the healing arts as defined in section 20-1, dentist, registered nurse or licensed practical nurse, as defined in section 20-87a, or real estate appraiser is summoned to give expert testimony in any action or proceeding, the court shall determine a reasonable fee to be paid to the practitioner of the healing arts, dentist, registered nurse or licensed practical nurse, as defined in section 20-87a, or real estate appraiser and taxed as part of the costs in lieu of all other witness fees payable to the practitioner of the healing arts, dentist, registered nurse or licensed practical nurse, as defined in section 20-87a, or real estate appraiser.

"(g) When any public accountant licensed under chapter 389 is subpoenaed by any party, other than the state, to testify in his capacity as a public accountant in any action or proceeding, the court shall determine a reasonable fee to be paid to the public accountant and such fee shall be paid by the party issuing such subpoena."

when they testify at criminal or civil actions. The statute provides for fees for expert testimony only when such testimony is provided by certain practitioners of the healing arts, dentists, certain nurses, real estate appraisers and accountants. Nowhere does § 52-260 provide for expert witness fees when a handwriting expert is called to testify as an expert witness.

A prevailing party is entitled only to those costs that are expressly authorized by statute. Here, in the absence of such statutory authority, the plaintiff is not entitled to recover costs for its handwriting expert.

The judgment is reversed only as to the award of costs and the case is remanded for a recalculation of the award of costs consistent with this opinion.

In this opinion the other judges concurred.