## M. DEMATTEO CONSTRUCTION COMPANY
### *v*. CITY OF NEW LONDON
### (15150)

Peters, C. J., and Borden, Norcott, Katz and Palmer, Js.

Argued January 11—officially released April 23, 1996

*Elliott B. Pollack*, with whom were *Lucy M. Ziobro* and, on the brief, *Gregory F. Servididio*, for the appellants (plaintiffs).

*Thomas J. Londregan*, with whom, on the brief, was *Marguerite Driscoll Matt*, for the appellee (defendant).

PALMER, J. In this tax appeal, the sole issue is whether the trial court properly concluded that it lacked the authority to award costs to the prevailing party for fees that that party had incurred in preparing an appraisal report. The plaintiff, M. DeMatteo Construction Company,[1] filed an appeal in the Superior Court pursuant to General Statutes § 12-117a[2] from a decision

---

[1] On June 30, 1993, M. DeMatteo Construction Company transferred title to its property to DeMatteo Management, Inc., which was made a plaintiff. References to the plaintiff are to both M. DeMatteo Construction Company and DeMatteo Management, Inc.

[2] General Statutes § 12-117a provides in relevant part: "Appeals from decisions of boards of tax review concerning assessment lists for assessment years commencing October 1, 1989, to October 1, 1992. Notwithstanding the provisions of sections 12-118, 12-121aa and 12-121bb, any person, including any lessee of real property whose lease has been recorded as provided in section 47-19 and who is bound under the terms of his lease to pay real

of the board of tax review of the defendant, the city of New London, refusing to reduce the assessment of its property. After a hearing, the trial court reduced the assessed value of the property. The plaintiff thereafter filed a bill of costs that included the payments made by it to its appraiser for an appraisal report. The trial court, concluding that the fee for the report was not a taxable cost under either General Statutes § 12-117a or General Statutes § 52-260 (f),[3] disallowed that item of the plaintiff's bill of costs. The plaintiff appealed from the judgment of the trial court to the Appellate Court,

property taxes, claiming to be aggrieved by the action of the board of tax review in any town or city with respect to the assessment list for the assessment year commencing October 1, 1989, October 1, 1990, October 1, 1991, October 1, 1992, October 1, 1993, or October 1, 1994, may, within two months from the time of such action, make application, in the nature of an appeal therefrom, to the superior court for the judicial district in which such town or city is situated, which shall be accompanied by a citation to such town or city to appear before said court . . . . Any such application shall be a preferred case, to be heard, unless good cause appears to the contrary, at the first session, by the court or by a committee appointed by the court . . . . The court shall have power to grant such relief as to justice and equity appertains, upon such terms and in such manner and form as appear equitable, and, if the application appears to have been made without probable cause, may tax double or triple costs, as the case appears to demand; and, upon all such applications, costs may be taxed at the discretion of the court. If the assessment made by the board of tax review is reduced by said court, the applicant shall be reimbursed by the town or city for any overpayment of taxes, together with interest and costs, or, at the applicant's option, shall be granted a tax credit for such overpayment, interest and costs. Upon motion, said court shall, in event of such overpayment, enter judgment in favor of such applicant and against such city or town for the whole amount of such overpayment, together with interest and costs. . . ."

[3] General Statutes § 52-260 (f) provides: "When any practitioner of the healing arts as defined in section 20-1, dentist, registered nurse or licensed practical nurse, as defined in section 20-87a, or real estate appraiser is summoned to give expert testimony in any action or proceeding, the court shall determine a reasonable fee to be paid to the practitioner of the healing arts, dentist, registered nurse or licensed practical nurse, as defined in section 20-87a, or real estate appraiser and taxed as part of the costs in lieu of all other witness fees payable to the practitioner of the healing arts, dentist, registered nurse or licensed practical nurse, as defined in section 20-87a, or real estate appraiser."

and we transferred the appeal to this court pursuant to Practice Book § 4023 and General Statutes § 51-199 (c). We affirm the judgment of the trial court.

The relevant facts and procedural history are undisputed. The plaintiff is the owner of the parcel of land and buildings comprising a shopping center located on Frontage Road in New London known as the New London Mall. The tax assessor of the city of New London determined that the fair market value of the property as of October 1, 1993, was $11,136,500. The plaintiff appealed from the assessment by the assessor to the city's board of tax review (board), which upheld the assessor's valuation of the property. The plaintiff then appealed from the decision of the board to the Superior Court pursuant to § 12-117a.

In its appeal to the Superior Court, the plaintiff sought a reduction of the assessment that had been levied against it on the ground that the assessor had overvalued its property. In support of its claim, the plaintiff introduced the testimony of a real estate appraiser, Arthur Estrada, who testified that the fair market value of the mall was $9,500,000. The plaintiff also introduced into evidence a report prepared by Estrada detailing his conclusions.

The trial court agreed with the plaintiff that the assessor had overvalued the property and concluded that the fair market value of the mall as of October 1, 1993, was $10,668,858.[4] The plaintiff thereafter filed a bill of costs seeking, among other things, reimbursement for the $12,000 fee that it had paid to Estrada for his appraisal report.[5] The defendant objected to the plain-

[4] On appeal, neither party challenges the trial court's valuation of the property.

[5] The plaintiff also sought reimbursement for the $2100 fee that it had incurred in connection with Estrada's trial testimony, and the trial court allowed that item of the bill of costs. The defendant does not challenge that portion of the trial court's judgment.

tiff's bill of costs on the ground that the fee for the report was not a taxable cost under either § 12-117a or § 52-260 (f). Concluding that it lacked the statutory authority to tax the cost of the appraisal report, the trial court sustained the defendant's objection to that portion of the plaintiff's bill of costs, and this appeal followed.

The plaintiff contends, as it did in the trial court, that it is entitled to reimbursement for all reasonable appraisal fees incurred in connection with its successful tax appeal, including the cost of Estrada's report. The plaintiff, in support of its claim, relies on both § 12-117a and § 52-260 (f). With respect to § 12-117a, the plaintiff maintains that the legislature, by broadly authorizing the taxing of "costs" in favor of the prevailing party, intended that a municipality held responsible for an overassessment of property should bear the reasonable expenses incurred by the taxpayer for an appraisal report. The plaintiff also relies on § 52-260 (f), which provides that the reasonable fee charged by a real estate appraiser for his or her trial testimony shall be taxed as part of the costs in lieu of all other witness fees otherwise payable to the appraiser. Although the plaintiff acknowledges that § 52-260 (f) makes reference only to fees arising out of an expert's trial testimony, the plaintiff nevertheless claims that, because the work necessary to the preparation of an appraisal report is also essential to the appraiser's sworn testimony, the fee for the report must also be a taxable cost under the statute. We are not persuaded by either of the plaintiff's claims.

Our analysis of the plaintiff's claims is guided by well established tenets of statutory construction. "[O]ur fundamental objective is to ascertain and give effect to the apparent intent of the legislature. . . . In seeking to discern that intent, we look to the words of the statute itself, to the legislative history and circum-

stances surrounding its enactment, to the legislative policy it was designed to implement, and to its relationship to existing legislation and common law principles governing the same general subject matter." (Citations omitted; internal quotation marks omitted.) *State* v. *Burns*, 236 Conn. 18, 22–23, 670 A.2d 851 (1996); *State* v. *Spears*, 234 Conn. 78, 86–87, 662 A.2d 80, cert. denied,      U.S.     , 116 S. Ct. 565, 133 L. Ed. 2d 490 (1995). Furthermore, "[w]e presume that laws are enacted in view of existing relevant statutes"; *Pollio* v. *Planning Commission*, 232 Conn. 44, 55, 652 A.2d 1026 (1995); *Kinney* v. *State*, 213 Conn. 54, 65, 566 A.2d 670 (1989); *Shortt* v. *New Milford Police Dept.*, 212 Conn. 294, 302, 562 A.2d 7 (1989); and that "[s]tatutes are to be interpreted with regard to other relevant statutes because the legislature is presumed to have created a consistent body of law." (Internal quotation marks omitted.) *In re Valerie D.*, 223 Conn. 492, 524, 613 A.2d 748 (1992). Applying these precepts to the plaintiff's claims, we agree with the conclusion of the trial court that the fee for the appraisal report is not a taxable cost under either § 12-117a or § 52-260 (f).

It is a settled principle of our common law that parties are required to bear their own litigation expenses, except as otherwise provided by statute. *Verrastro* v. *Sivertsen*, 188 Conn. 213, 217, 448 A.2d 1344 (1982). Furthermore, because "[c]osts are the creature of statute . . . unless the statute clearly provides for them courts cannot tax them." (Internal quotation marks omitted.) *Audubon Parking Associates Limited Partnership* v. *Barclay & Stubbs, Inc.*, 225 Conn. 804, 814, 626 A.2d 729 (1993); *Verrastro* v. *Sivertsen*, supra, 217; *Waterbury* v. *Macken*, 100 Conn. 407, 413, 124 A. 5 (1924), appeal dismissed, 273 U.S. 646, 47 S. Ct. 244, 71 L. Ed. 820 (1926). Accordingly, the plaintiff can prevail only if the statutory provisions upon which it relies

clearly empower the trial court to tax the cost of a real estate appraisal report.

Section 12-117a, to which we turn first, contains no reference to appraisal fees. Moreover, the pertinent legislative history is devoid of any indication that the legislature's use of the term "costs" in § 12-117a was intended to authorize the trial court to award to the prevailing party the cost of a real estate appraisal report prepared by its expert.[6] It cannot be said, therefore, that § 12-117a clearly provides that fees incurred for the preparation of a real estate appraisal report shall be considered taxable costs.

Furthermore, in circumstances in which the legislature has intended that the prevailing party shall recover appraisal fees, it has expressly so provided. See, e.g., General Statutes § 8-133 (if redevelopment agency undervalues property it takes by eminent domain, court shall award property owner reasonable appraisal fees); General Statutes § 12-161a (in proceedings by municipality to collect delinquent taxes on personal property, the owner of the property shall pay reasonable appraiser's fees incurred by municipality); General Statutes § 12-193 (reasonable appraiser's fees incurred by municipality as result of foreclosure action under General Statutes § 12-181 or § 12-182 shall be taxed against party having title to property so foreclosed); General Statutes § 13a-76 (when transportation commissioner undervalues property taken by state for construction or maintenance of highway, court shall award property owner reasonable appraisal fee); General Statutes § 16-

---

[6] We note that § 12-117a uses the same language as did General Statutes (Rev. to 1995) § 12-118 regarding the authority of the trial court to award costs to a property owner who successfully challenges an assessment of the value of his or her property by the state appeals board for property valuation. The legislative history of § 12-118 also contains no discussion regarding the right of a successful litigant to recover appraisal fees as part of the costs of the tax appeal.

266 (reasonable appraisal fees shall be taxed against corporation authorized to take property for purpose of constructing and operating natural gas pipeline when property owner successfully challenges corporation's determination of compensation to be paid to property owner); General Statutes § 48-17b (reasonable appraisal fees shall be awarded to plaintiff who prevails in inverse condemnation action against state); General Statutes § 48-26 (court may order condemnor to pay appraisal fees when court award of compensation, damages or benefits to property owner exceeds payment last offered by condemnor to property owner). "Where a statute, with reference to one subject contains a given provision, the omission of such provision from a similar statute concerning a related subject . . . is significant to show that a different intention existed. . . . That tenet of statutory construction is well grounded because [t]he General Assembly is always presumed to know all the existing statutes and the effect that its action or non-action will have upon any one of them." (Citations omitted; internal quotation marks omitted.) *In re Ralph M.*, 211 Conn. 289, 306–307, 559 A.2d 179 (1989); see also *Plourde* v. *Liburdi*, 207 Conn. 412, 416, 540 A.2d 1054 (1988) ("the use of different words [or the absence of repeatedly used words in the context of] the same [subject matter] must indicate a difference in legislative intention"). We conclude, therefore, that the legislature did not intend that a fee incurred for an appraisal report be included as a taxable cost under § 12-117a.

The plaintiff fares no better under § 52-260 (f). By its express terms, § 52-260 (f) treats as taxable only those costs that arise from an expert's testimony at trial. Furthermore, the plaintiff points to nothing in the legislative history of § 52-260 (f) to suggest that the legislature intended to convey a broader meaning than is imparted by the plain statutory language. See *Home Ins. Co.* v.

*Aetna Life & Casualty Co.*, 235 Conn. 185, 195, 663 A.2d 1011 (1995) ("[w]e will not impute to the legislature an intent that is not apparent from unambiguous statutory language in the absence of a compelling reason to do so"). Although it is undoubtedly true that some or all of the work done by a real estate appraiser in preparing a report will provide the basis for the appraiser's testimony, that fact alone lends no support to the plaintiff's claim because, as we have previously stated, litigants in this state have long been held responsible for the payment of their own litigation expenses absent a clear expression of legislative intent to the contrary.

The plaintiff also claims that public policy considerations militate in favor of permitting a property owner to recover the cost of an appraisal report following a successful tax appeal under § 12-117a. Specifically, the plaintiff contends that a property owner's knowledge that he or she must shoulder the burden of the cost of the appraisal report might serve to discourage the filing of meritorious tax appeals. The plaintiff, however, has presented nothing to substantiate this claim. Even if we assume, arguendo, that some taxpayers will be deterred from filing tax appeals, we "may not, by construction, supply omissions in a statute . . . merely because [we opine] that good reason exists for so doing. . . . This is especially so where it appears that the omission was intentional. . . . In such a situation, the remedy lies not with the court but with the General Assembly." (Citations omitted.) *Bailey* v. *Mars*, 138 Conn. 593, 598, 87 A.2d 388 (1952); *State* v. *Nelson*, 126 Conn. 412, 416, 11 A.2d 856 (1940); see also *United Aircraft Corp.* v. *Fusari*, 163 Conn. 401, 414, 311 A.2d 65 (1972).

The judgment is affirmed.

In this opinion the other justices concurred.