[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
ORDER ON COSTS
The above-captioned case comes before this court for resolution of post-verdict disputes concerning the bill of costs filed by the plaintiff, who prevailed at trial.
The bill of costs contains 16 items. Those items not adjudicated below have either been resolved by the parties or are not disputed and are approved.
As the Connecticut Supreme Court has recently stated, "[i]t is a settled principle of our common law that parties are required to bear their own litigation expenses except as otherwise provided by statute. M. DeMatteo Construction Co. v.New London, 236 Conn. 710, 715 (1996); Verrastro v. Sivertsen,188 Conn. 213, 217 (1982)." Because costs are the creatures of statute . . . unless the statute clearly provides for them courts cannot tax them." M. DeMatteo Construction Co. v. New London,236 Conn. 715; Audubon Associates Limited Partnership v. Barclay Stubbs, Inc., 225 Conn. 804, 814 (1993); Verrastro v. Sivertsen,188 Conn. 217.
Item 5 — Subpoena Fees
a. Police Officer Donald Comstock
CT Page 5123-FFF
The plaintiff lists as costs subpoena fees for March 9, 1996 and March 28, 1996. The first subpoena was issued in connection with a discovery deposition. General Statute § 52-257(b)(1) provides for recovery as costs of the legal fees and mileage "[f]or each witness attending court." There is no provision for recovery of sheriff's fees for witnesses attending discovery depositions.
The second subpoena was issued to secure this witness's presence at trial. The defendant takes the position that costs should not be approved pursuant to General Statutes § 52-257
because, it claims, § 52-260(b)(c) and (d) limit the taxation of costs as to such witnesses. Again, General Statutes §52-257(b) provides that parties shall receive "(1) for each witness attending court, his legal fee and mileage." General Statutes § 52-260(c) provides that in a civil action, a police officer who receives no compensation from his or her employer for the time of attendance, or who testifies on a day when he or she is on vacation or compensatory time shall be paid forty dollars, plus mileage. The defendant takes the position that where a police officer is paid by the employer while testifying, the officer receives only his or her mileage. It is not claimed that Officer Comstock was not paid by his employer on the date he testified. Since § 52-260 does not therefore provide for payment to him of a fee in addition to his mileage, and since the plaintiff has not identified any other "legal fee" that was required to be paid to this witness, only his mileage fees for his court appearance are recoverable as costs.
b. Other subpoenas
With regard to the subpoenas issued to Coram Health Care, the defendant has indicated that it has abandoned its opposition to these claims for costs.
Subpoenas to attend discovery depositions are not recoverable as costs, as set forth above.
With regard to subpoenas issued to persons who did not attend the trial at all and whose testimony was not presented, the words of § 52-257(b)(1) do not authorize recovery costs. With regard to Richard Herdgard, who attended the trial in readiness to testify, costs are recoverable even though he did not actually testify, since he was a witness to the events at issue who attended trial. The statute does not, on its face, require that a CT Page 5123-GGG subpoenaed witness not only attend the trial but also testify.
The defendant further objects that the plaintiff may not recover as costs the sheriff's fee for serving the various subpoenas. Section 52-257(b)(1) provides only for recovery of a witness's "legal fee and mileage," and not for recovery of the deputy sheriff's fees and expenses as well. Since the words of the statute are indeed so limited, and since the plaintiff claims no other statutory authority, to the extent that the amounts claimed include sums other than for the witness's legal fees and mileage (as opposed to the sheriff's fee and mileage), any such additional costs are not recoverable.
Item 8 — Investigative Costs
The plaintiff seeks to recover $200.00 pursuant to §52-257(b)(11) for the cost of investigating the weather conditions at the time of the plaintiff's fall on snow-covered ice. Documentation has been provided in the form of a bill for various services performed by Falconer Weather Information Services. The court finds that at least $200.00 of that bill relates to activities fairly characterized as "documented investigative costs and expenses" pursuant to § 52-257(b)(11) and that this item should be and is approved as a recoverable cost.
Item 9 — Photographs
The plaintiff claims costs in the amount of $43.52 for photographs prepared in connection with this case, some of which were submitted into evidence. The court finds that §52-257(b)(5) does not require that each and every photograph be admitted as a full exhibit, and the claimed cost is approved.
Item 10 — Copies of Records
The plaintiff claims as a cost $557.90 for "copies of records used in evidence." This case involved proof of injuries that led to multiple hospitalizations, and the hospitals charged the plaintiff fees for the voluminous records generated. The defendant asserts that § 52-257(b)(6) allows recovery as costs only for court and clerk fees and not for other records. That provision is as follows: "(b) Parties shall also receive . . . (6) for copies of, records used in evidence, bonds, recognizances and subpoenas, court and clerk's fees." CT Page 5123-HHH
The grammar of this provision is awkward. The object of the verb "shall receive" appears to be "court and clerk's fees," such that the provision, read in accordance with usual principles of statutory construction, is that parties may recover as costs the court and clerk's fees for copies of records used in evidence, for bonds and for recognizances and for subpoenas. The provision does not indicate a right to recover fees charged for records by entities other than the court and the clerk. Since, as has been noted above, the court may approve only those costs specifically authorized by statute, the claimed costs for the hospital's charges for records are not approved.
Item 11 — Fee of Doctor Testifying by Deposition
The plaintiff claims as costs the fee of a physician whose testimony was presented by way of a deposition pursuant to General Statutes § 52-149a. That statute proves that a deposition of a physician testifying as an expert witness "may be received in evidence at the trial or hearing of the civil action . . . in lieu of the appearance of the witness in court or at the hearing."
With regard to witness fees for "any practitioner of the healing arts," General Statutes § 52-260(f) provides in applicable part as follows:
 Whenever any practitioner of the healing arts . . . is summoned to give expert testimony in any action or proceeding, the court shall determine a reasonable fee to be paid to the practitioner of the healing arts . . . and taxed as part of the costs in lieu of all other witness fees payable to the practitioner of the healing arts. . . .
The defendant claims that the above provision requires that the physician be summoned to the court during the trial. On its face, the statute contains no such limitation, but applies generally to occasions when the physician is "summoned to give expert testimony in any action or proceeding." It is not disputed that Kevin Lynch, a medical doctor, was summoned to a deposition pursuant to § 52-149a to give expert testimony as to the plaintiff's injuries treatment of those injuries, and other medical matters and that this testimony was presented at trial.
While the Supreme Court has cautioned in DeMatteo supra, that CT Page 5123-III costs cannot be taxed without statutory authority, courts are likewise not authorized to read into statutes limitations that are not actually expressed in the statute. Barrett Builders v.Miller, 215 Conn. 316, 328 (1990); Colli v. Real EstateCommission, 169 Conn. 445, 452 (1975), nor may courts engraft language on to legislation as enacted. Zapata v. Burns, 207 Conn. 496,503-504 (1988). This court cannot infer a requirement that the doctor be physically in court when his or her testimony is presented since no such limitation is set forth in the statute.
Given the purposes that § 52-149a was meant to serve (reducing the need to require doctors to leave their patients to come to court to testify) it would be anomalous to interpret § 52-260(f) as conditioning recovery of the medical expert's fee on his or her actual attendance at court, especially when no such limitation is clearly expressed in the statute.
The defendant does not dispute the amount of Dr. Lynch's fee, and the court approves it as an item of recoverable costs
Item 14 — Witness Fee of Timothy Brown
The plaintiff claims as costs an expert fee in the amount of $600.00 as to Timothy Brown, an engineer who testified concerning the topographical features of the accident site and surrounding area and the resulting dynamics of water flow relevant to the claim that ice had accumulated in the area where the plaintiff fell. The plaintiff conceded at oral argument that no statute specifically provides for recovery of the fees charged by such a witness. Accordingly, where no statutory authority exists, the claimed item of costs must be disallowed. M. DeMatteoConstruction Co. v. New London, supra, Laurie Associates, Inc.v. Tomik Corp., 37 Conn. App. 865, 866-67 (1995).
Item 15 — Witness Fee for Registered Nurse
The defendant opposes the claimed cost of $250.00 as the witness fee for a registered nurse, Kim Ward, on the ground that the claimed fee is undocumented and was not elicited at trial in the usual manner after the witness testified. At oral argument, counsel for the defendant stipulated that Ward had charged a fee in the amount of $250.00 for appearing in court to testify. The court finds that this fee is reasonable and is recoverable as costs pursuant to § 52-260(f). CT Page 5123-JJJ
CONCLUSION
Costs shall be taxed in accordance with the above adjudications and prior agreements of the parties, which should be reported to the clerk of the court.
Beverly J. Hodgson Judge of the Superior Court