[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED JULY 24, 1997
Pursuant to Practice Book Section 406 et seq. and Connecticut General Statutes Section 52-257 et seq., plaintiff seeks various costs in this matter. Defendants have objected to some of plaintiffs requests.
Argument was held on June 2, 1997. Subsequently, in response to the court's order, the parties made additional submissions, which have been reviewed. The Court now rules as follows with respect to plaintiffs June 25, 1997. Revised Bill of Costs and the objections thereto.
1. Expert Witness Fees
Pursuant to General Statutes Section 52-260, plaintiff seeks expert witness fees of $6,000.00 for Dr. Eric Munoz, at a rate of $200.00 per hour, in connection with his preparation and appearance in court on December 12, 1996 and January 3, 1997; $750.00 for Dr. Scheuster Christie at a rate of $250.00 per hour CT Page 12429 in connection with his appearance in court on December 18, 1996, and December 20, 1996; and $2,250.00 for Dr. Kishan Tandon at a rate of $500.00 per hour in connection with his appearances in court on December 10, 1996, December 11, 1996 and December 13, 1996, and preparation time.
As defendants note, these requests raise two distinct issues. The first is whether Drs. Christie and Tandon testified at trial as expert witnesses or fact witnesses. The second is whether defendants are responsible for plaintiffs expert witnesses' preparation time.
a. Drs. Christie and Tandon
Defendants argue that neither Drs. Christie nor Dr. Tandon testified at trial in this medical malpractice case as expert witnesses as to liability or standard of care. Defendants argue that Section 52-260 (f) permits fees to be awarded only to those who have testified as expert witnesses at trial.[1] Plaintiff argues that Dr. Christie was disclosed as an expert by both sides and in fact did provide expert testimony at trial. I believe defendants' argument is more persuasive.
Section 52-260 (f) permits a "reasonable fee" to be paid to various practitioners of the healing arts who are "summoned to give expert testimony in any action or proceeding . . ." It does not permit a fee to be paid to those who are merely "disclosed" as experts. I agree with the reasoning and conclusion of Judge O'Neill and Judge Aurigemma on this issue as expressed respectively in Harding v. Jacoby, CV-88-0353674S, Judicial District of Hartford-New Britain at Hartford, 9 CONN. L. RPTR. 431 (1993), and Bray v. Anderson, CV-90-0387656-S, 15 CONN. L. RPTR. 383 (1995). Judicial District of Hartford-New Britain at Hartford. Both judges concluded that a physician who testifies as a fact witness is entitled to fees only under subsection a-e of Section 52-260. As Judge O'Neill concluded after analyzing this issue in Harding v. Jacoby: "Thus, if a practitioner is brought to court solely as a fact witness he is not entitled to rely on subsection (f) and be awarded reasonable fees."
Both Drs. Tandon and Christie testified, essentially, as treating physicians who had attended to plaintiff. Review of my trial notes does not indicate that either Dr. Christie or Dr. Tandon were formally qualified at trial to testify as expert witnesses. In the absence of such formal qualification — CT Page 12430 irrespective of whether they were disclosed as experts, and irrespective of whether their testimony as fact witnesses required them to call upon their medical expertise — I conclude that they should be viewed as fact witnesses, and that the award of expert fees sought by plaintiff pursuant to Section52-260 (f) is not warranted.[2]
b. Dr. Munoz
Plaintiff seeks Costs totalling $6,000 in connection with the preparation and in-court testimony for Dr. Eric Munoz. Dr. Munoz clearly testified as an expert medical witness at trial and therefore falls under the purview of Section 52-260 (f), permitting a "reasonable fee" to be paid.
For December 19, 1996, plaintiff seeks $200.00 for one hour of "preparation" time, and then fourteen hours for attendance in court proceedings at $200.00 per hour. (This 14 hours presumably includes travel time to and from court for Dr. Munoz, a New Jersey resident). For January 3, 1997, plaintiff seeks $400.00 for two hours of preparation, and then $2,600.00 for thirteen hours attendance in court proceedings.
Defendants object to plaintiffs request for $600.00 in "preparation time," arguing that Section 52-260 (f) does not clearly provide for the recovery of expert witness preparation time. Under our law, defendants correctly note, parties are required to bear their own litigation expenses except as otherwise provided by statute. M. DeMatteo Construction Co. v.New London, 236 Conn. 710, 715 (1996). Unless a statute clearly provides for them, trial courts cannot tax them. AudubonAssociates Ltd. Partnership v. Barclay Stubbs, Inc.,225 Conn. 804, 814 (1993).
Section 52-260 (f) does not explicitly permit, or prohibit, an award for "preparation time." Rather, it refers in general terms to a "reasonable fee" for one who is summoned to give testimony. Some reasonable degree of preparation is required in almost all instances to make a witness's testimony meaningful. I agree with the pungent and practical observation of Judge O'Neill that "As every first-year law student knows, trials are 90% preparation and 10% presentation." Harding v. Jacoby, supra.
In this case, Dr. Munoz was a critical expert witness who provided testimony essential to plaintiffs theory. He was CT Page 12431 required to appear on two separate days due to the exigencies of trial. The request for preparation costs are not excessive. Neither is the $200.00 hourly rate. See, e.g., Brown v. Sheinbaum,
4 CONN. L. RPTR 210 (1991). Given all the facts and circumstances present, in light of the full record, I conclude that the request for $6,000 is reasonable, and it is granted in full.
2. Kula Photograph
Plaintiff seeks reimbursement for $461.63 in connection with costs incurred in converting a photographic slide of pledgets into a negative and then having the negative enlarged.
Connecticut General Statutes Section 52-257b(5) permits reimbursement of a "reasonable sum" for ". . . photographs . . . necessary or convenient in the trial of any action . . ."
In this case, plaintiffs counsel incurred increased costs in having the subject exhibits made on an expedited basis.
I conclude that the use of the subject exhibit was "convenient," if not "necessary," at trial. It was appropriate for plaintiff to take steps to ensure that the pledgets were fully understood by the jury. Ahern. Admin. v. Moskouitz, 2 CONN. L. RPTR (1990). 1 also conclude that, given the circumstances present, a "reasonable sum" is one half of the amount requested, or $230.81.
3. Charts
Plaintiff claims expenses for charts used at trial, including a "time line" summarizing certain events, and an enlargement of an exhibit. Plaintiff relies on General Statutes Section 52-257b(6), which permits an award for "copies of records used in evidence."
Plaintiffs request for reimbursement for the "time line" is rejected, as the "time line" was, to the best of my knowledge, only used in final argument, not in evidence. This request falls outside the scope of Section 52-257b(6).
However, the request for the enlargement of defendants' Exhibit D is approved in the amount of $80.00. Ahern, supra.
4. Transcripts CT Page 12432
Plaintiffs request for the recovery of $1,729.83 in costs for expenses relating to trial transcripts is rejected. Plaintiffs argument that such transcripts are the equivalent of "copies of records used in evidence" under 52-257b(6) is unsupported by any authority and unpersuasive.
5. Investigation
Plaintiffs request for investigative costs and expenses in the amount of $200.00, the statutory limit, is approved. Appropriate costs in excess of that are documented. General Statutes Section 52-257 (b)(11).
LAVINE, J.