[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Defendant Theodore Fishman, M.D., has submitted a Bill of Costs in connection with the above case, pursuant to General Statutes Section 52-260(f). Dr. Fishman seeks $15,545.70 in costs relating to preparation for, travel to and from, and testimony at trial by Douglas Jacobs, M.D., an expert medical witness. A detailed accounting of services rendered is set out in Exhibit A of Dr. Fishman's November 9, 1998, memorandum of law in support of the request for fees. CT Page 13903
Plaintiff does not challenge the hourly rate of $325 charged by Dr. Jacobs, a psychiatrist and a member of the Harvard Medical School Faculty. Rather, plaintiff takes the view that actual trial testimony time only is properly awarded under Section 52-260(f), which states in relevant part that the court shall determine a "reasonable fee" to be paid to a practitioner of the healing arts summoned to give expert testimony in any action or proceeding. Dr. Jacobs' trial testimony totaled 4.0 hours on November 14, 1997, and 2.5 hours on November 17, 1997.
As the parties note, there is a split of authority among Superior Court judges on this issue. Some decisions have authorized payment of costs for preparation time engaged in by expert medical witnesses. See, e.g., this Court's decision inRivera v. St. Francis Hospital, 20 CONN. L. RPTR. 180,1997 WL 435868 (Conn. Super 1997); Harding v. Jacoby,9 CONN. L. RPTR. 431, 1993 WL 286658 (Conn. Super 1993); Poirer v. Marlowe,1996 WL 456314 (Conn.Super. 1996); Bray v. Anderson,15 CONN. L. RPTR. 383, 1995 WL 669533 (Conn.Super. 1995). Others have held that an award of costs for preparation time is not authorized by Section 52-260(f). See, e.g., Crocco v. Lieb,16 CONN. L. RPTR. 52, 1996 WL 66271 (Conn.Super. 1996); Garrell v. WWIIVeteran's Memorial Hospital, 1996 WL 365215 (Conn.Super. 1996);Ahern v. Moskovitz, 2 CONN. L. RPTR. 471 (September 29, 1990) (Maloney, J.); Kirk v. Vagnini, 11 C.L.T. No. 26 (December 28, 1984) (Berdon, J.).
Plaintiff argues that the decision in M. DeMatteoConstruction Co. v. City of New London, 236 Conn. 710 (1996) controls and prohibits an award of costs for preparation time for medical experts. In that case, writing for a unanimous court, Justice Palmer stated as follows, in rejecting a claim for costs in connection with a report prepared by a real estate appraiser:
 The plaintiff fares no better under § 52-260 (f). By its express terms, § 52-260 (f) treats as taxable only those costs that arise from an expert's testimony at trial. Furthermore, the plaintiff points to nothing in the legislative history of § 52-260(f) to suggest that the legislature intended to convey a broader meaning than is imparted by the plain statutory language. See Home Ins. Co. v. Aetna Life Casualty Co., 235 Conn. 185, 195, 663 A.2d 1011 (1995) ("[w]e will not impute to the legislature an intent that is not apparent from unambiguous statutory language in the absence of a compelling reason to do so"). Although it CT Page 13904 is undoubtedly true that some or all of the work done by a real estate appraiser in preparing a report will provide the basis for the appraiser's testimony, that fact alone lends no support to the plaintiff's claim because, as we have previously stated, litigants in this state have long been held responsible for the payment of their own litigation expenses absent a clear expression of legislative intent to the contrary.
236 Conn. at 717-718.
I agree with plaintiff that the dicta in this opinion supports his argument. However, DeMatteo is factually distinguishable because it does not deal directly with the issue of whether an award of reasonable preparation costs for expert medical witnesses is appropriate.
I continue to agree with Judge O'Neill's statement in Hardingv. Jacoby — which predated the DeMatteo case — that "[a]s every first-year law student knows, trials are 90% preparation and 10% presentation." [9 CONN. L. RPTR. 431.] The plain language of the statute does not by its terms restrict awards of costs to trial testimony only; rather, it refers to a "reasonable fee" to be paid when an expert is "summoned to give expert testimony" in any action or proceeding. Review of the pertinent legislative history sheds little light on the issue. But significant differences exist between the time, effort, energy, and expertise required of a real estate appraiser in the preparation of a report, and the training effort and energy which an expert medical witness must call upon and devote to reviewing and evaluating medical records, depositions, and the like, prior to testifying in court.
In this case, Dr. Jacobs came down from Massachusetts twice to testify. His testimony was an important part of the defense against extremely serious allegations leveled against Dr. Fishman. Dr. Jacobs is an expert on suicide with a high level of practical and academic expertise gained through years of study, practice and teaching. In the absence of clear authority explicitly prohibiting an award of reasonable costs to an expert medical witness for preparation time, I conclude for the reasons previously stated in Rivera v. St. Francis Hospital that a "reasonable fee" includes reasonable amounts spent in preparation for testifying.
Having considered this matter, I conclude that "reasonable" CT Page 13905 costs in this case amount to slightly less than two-thirds of the amount sought, or $10,000.
Douglas S. Lavine Judge, Superior Court