[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Jacqueline Jenkins, plaintiff, brings this Motion to Determine Responsibility for Payment of Expert Witness Fees against Jacqueline Kos, Kos Chiropractic Center and Rebecca Green, defendants.
The issue presented is whether the party taking a deposition of a party opponent's expert witness is responsible for the witness preparation fee?
The court answers the enquiry in the negative.
 FACTS
The defendants noticed the deposition of Dr. Costello, the plaintiff's expert witness, which went forward on May 1, 2000. The defendant paid CT Page 11042 Costello $1,200 as compensation for the time he spent in the deposition. Thereafter, Costello billed the plaintiff $1,000 in preparation fees for the deposition — $400 for general preparation and $600 for reviewing the deposition transcript of the defendant, Dr. Green.
On May 19, 2000, the plaintiff filed a Motion to Determine Responsibility for Payment of Expert Witness Fees. The plaintiff argues that an expert witness' preparation time should be paid for by the party taking the deposition. On June 7, 2000, the defendant filed an objection to the plaintiff's motion to determine responsibility for payment of expert witness fees. The defendant's first argument is that Costello was not "summoned" to testify and therefore the costs are not recoverable under General Statutes § 52-260(f). Her second argument is that even if Costello was summoned, costs for preparation time cannot be awarded.
 DISCUSSION
"It is a settled principle of our common law that parties are required to bear their own litigation expenses, except as otherwise provided by statute. . . . Furthermore, because costs are the creature of statute . . . unless the statute clearly provides for them courts cannot tax them." (Citation omitted; internal quotation marks omitted.) M. DeMatteoConstruction Co. v. New London, 236 Conn. 710, 715, 674 A.2d 845 (1996).
 I
"When any practitioner of the healing arts as defined in [General Statutes] section 20-1 is summoned to give expert testimony in any action or proceeding, the court shall determine a reasonable fee to be paid to the practitioner of the healing arts . . . and taxed as part of the costs in lieu of all other witness fees payable to the practitioner of the healing arts . . ." General Statutes § 52-260(f).
In order for General Statutes § 52-260(f) to be applicable, the expert witness must have been "summoned" to give testimony. "In our statutes, the verb "summon' does not mean to ask or request to attend or appear, but to command to attend or appear, usually at a legislative or judicial proceeding. More than a hundred years ago, our Supreme Court recognized the duty of citizens to testify `when legally required to do so.' In re Clayton, 59 Conn. 510, 521, 21 A. 1005 (1890). The procedure for `summoning' a witness is usually to serve him with a subpoena or a capias. See General Statutes, sec. 52-155(b) (`Any person summoned as a witness' refers to witness whose appearance has been compelled by a subpoena or capias.) See also General Statutes sec. 2-46 (power in legislature to compel attendance of witnesses by subpoena or capias and to punish any non-appearing person `summoned as a witness'); sec. 54-82i
CT Page 11043 (`summons' means a subpoena, order, or other notice requiring the appearance of a witness); sec. 52-143 (subpoena shall be served not less than eighteen hours prior to time designated `for the person summoned to appear'; any subpoena `summoning a police officer as a witness'; subpoenas for witnesses `summoned by the state'; if any person summoned by the state . . . by a subpoena'). That the verb `summon' has acquired `a peculiar and appropriate meaning in the law' (General Statutes sec. 1-1) is evidenced by one of the definitions of `summon' in Webster's New International Dictionary, equivalent statutory notice to appear in court.'" Andover Lake Management v. Andover, Superior Court, judicial district of Tolland at Rockville, Docket No. 50306 (October 17, 1995, Rubinow, S.T.R.). See also Dann v. Bollinger, Superior Court, judicial district of New London at New London, Docket No. 113058 (August 20, 1999, Koletsky, J.) (25 Conn.L.Rptr. 385, 386) (same); 84 CenturyLimited Partnership v. Rocky Hill, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 524244 (May 24, 1996,Aronson, J.) (17 Conn.L.Rptr. 107, 108) (same). But see Harding v.Jacoby, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 353674 (July 22, 1993, O'Neill, J.) (8 C.S.C.R. 866, 866) ("The court does not read the word `summoned' as used in that subsection of the statute to require that the person be given a summons or a subpoena requiring attendance.").
There is no evidence in the court file indicating that Costello was "summoned" within the meaning of that word in General Statutes §52-260(f). Rather, both parties represent in their pleadings that Costello's deposition was "noticed" by the defendant. Noticing such a deposition does not involve the use of a subpoena or capias to compel the witness' attendance. See General Statutes § 52-149a(a) (providing that "[t]he deposition of any physician . . . may be taken on behalf of either party to any civil action . . . in which the physician . . . may be called as an expert witness, on notice by certified mail to each adverse party or the party's attorney") (Emphasis added). "To award the requested [preparation] fee on the state of the current record in this case would be to ignore the word `summoned' in General Statutes [§52-260(f) and to repeal the provision in that statute that the [expert witness] be `summoned' as a condition precedent to the award." AndoverLake Management v. Andover, supra, Superior Court, Docket No. 50306. The court therefore finds that Costello was not "summoned" to testify within the meaning of General Statutes § 52-260 (f) and, therefore, such costs are not recoverable under General Statutes § 52-260(f).
 II
"The deposition of any physician . . . may be taken on behalf of either party to any civil action, worker's compensation matter or probate CT Page 11044 proceeding, in which the physician . . . may be called as an expert witness, on notice by certified mail to each adverse party or the party's attorney, as the case may be." General Statutes § 52-149a(a). "Whenever the deposition of a physician. is so taken, the party requesting the deposition shall pay to the medical expert the fee for giving testimony for the deposition." General Statutes § 52-149a(b).
Neither party, nor the courts own research, has located any authority addressing the issue of whether the party noticing a deposition pursuant to General Statutes § 52-149a is required to pay the expert witness' preparation costs for that deposition. General Statutes § 52-149a, therefore, must be examined to determine whether the party noticing the deposition is responsible for such costs.
Under well-established principles of statutory construction, the court's fundamental objective when construing a statute, "is to ascertain and give effect to the apparent intent of the legislature. . . . In seeking to discern that intent, we look to the words of the statute itself, to the legislative history and circumstances surrounding its enactment, to the legislative policy it was designed to implement, and to its relationship to existing legislation and common law principles governing the same general subject matter. . . ." (Internal quotation marks omitted.) Dun v. United Technologies Corp., 239 Conn. 19, 24,682 A.2d 99 (1996). "In interpreting the language of a statute, the words must be given their plain and ordinary meaning and their natural and usual sense unless the context indicates that a different meaning was intended. . . . When the language of a statute is plain and unambiguous, we need look no further than the words themselves because we assume that the language expresses the legislature's intent." (Citation omitted.)Oller v. Oiler-Chiang, 230 Conn. 828, 848, 646 A.2d 822 (1994).
The language used in General Statutes § 52-149a(b) is clear and unambiguous. The statute dictates that "the party requesting the deposition shall pay to the medical expert the fee for giving testimonyfor the deposition." (Emphasis added.) General Statutes § 52-149a
(b). This clearly entails the expert witness' time spent testifying in the deposition as this is "giving testimony." There is no reference in General Statutes § 52-149a(b) to preparation costs for the deposition. Such costs are incurred in preparation for giving testimony, not in actually giving the testimony.
Accordingly, the court finds that the requirement in General Statutes § 52-149a(b) that the party noticing a deposition must pay the expert witness' fee for giving testimony for the deposition does not include the expert witness' preparation costs for that deposition. Therefore, the court holds that the party noticing the deposition is not required to pay CT Page 11045 such costs of preparation.
 CONCLUSION
Based on the foregoing, the court finds that Costello was not summoned to testify within the meaning of General Statutes § 52-260(f) and, therefore, such costs are not recoverable under General Statutes §52-260(f). The court further finds that pursuant to General Statutes § 52-149a, the party noticing a deposition is not required to pay the costs for an expert witness' preparation time for that deposition.
Accordingly, the court finds that the costs of preparation for the deposition are to be borne by the plaintiff.
THOMAS P. MIANO JUDGE