[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON PLAINTIFF'S BILL OF COSTS
This matter arises on the bill of costs submitted by the Plaintiff following a jury verdict in his favor. The Defendant objects to portions of the bill of costs.
The underlying trial concerned an action for damages by the Plaintiff:, a minor, who was bitten by a dog owned by the Defendant. The trial took place on April 26 and 27, 2000. Economic damages claimed consisted solely of medical expenses amounting to $1,687.00 for emergency room and related services at Rockville General Hospital on May 31, 1996, the date of the incident. Plaintiff sought no other medical treatment regarding this incident, and was not given any permanency rating. The CT Page 11328 verdict, enhanced by statutory interest under General Statutes § 52-1
92a (b) for exceeding Plaintiff's offer of judgment, amounted to $6,118.06, from which $1,687.48 previously paid was deducted for judgment purposes, resulting in an effective judgment of $4,430.58.
Plaintiff's initial bill of costs, dated May 8, 2000, was supplemented by a request dated May 31, 2000, for $2,500.00 trial preparation costs by Dr. Garland Jackson, who was Plaintiff's May 31, 1996 treating physician at Rockville General Hospital, and who testified as Plaintiff's medical expert at the trial. Issues regarding Defendant's objections to the bill of costs, as supplemented, were argued at the September 11, 2000 short calendar. On September 13, 2000, the Court met briefly on the record with counsel to confirm factual matters relating to the April trial.
The initial bill of costs, dated May 8, 2000, contains thirteen items. Defendant objects to items Numbers 7, 10 and 13.
Number 13 is a request for $350.00 attorney's fees under General Statutes § 52-192a (b), which provides that in addition to interest when a plaintiff recovers an amount equal to or greater than the sum stated in its offer of judgment, the Court may award? attorney's fees not to exceed $350.00. Plaintiff's request for these fees was heard and denied at the short calendar hearing.
Number 10 requests $250.00 for "Preparation Time for Expert and Expert's Use of X-rays and Models." This request concerns a claim for trial preparation, and thus will be reviewed below along with the trial preparation claim made in the supplemental bill of costs.
Number 7 requests $500.00 at the rate of $250.00 per hour for two hours of presence at court for testimony by Dr. Jackson, Plaintiff's "expert trial witness." The record shows that Dr. Jackson's testimony consumed only one hour. However, while present, his testimony was delayed approximately one hour by an unrelated courthouse function. As he was then present for testimony, it is only fair that the request for two hours be granted.
General Statutes § 52-260 (f) is applicable regarding expert witness fees, inter alia, for physicians and real estate appraisers. Subsection (f) provides that when any such person "is summoned to give expert testimony in any action or proceeding, the court shall determine a reasonable fee to be paid to [such person] and taxed as part of the costs in lieu of all other witness fees payable to [such person]." Subsection (f) does not specifically limit such fees to actual testimony, nor does it specifically prohibit allowance of fees for preparation. CT Page 11329
Prior to the Connecticut Supreme Court ruling in M. DeMatteoConstruction Co. v. New London, 236 Conn. 710 (1996), officially released April 23, 1996, Superior Court rulings on whether preparation costs are allowable were split. Cases not allowing preparation costs included the following: Kirk v. Vagnini, Superior Court, judicial district of New Haven at New Haven, Docket No. 158734 (December 28, 1984, Berdon, J.) (11 C.L.T. No. 26) (motor vehicle accident); Ahern v. Moskovitz, Superior Court, judicial district of Hartford at Hartford, Docket No. 313898 (September 26, 1990, Maloney, J.) (2 Conn.L.Rptr. 471) (medical malpractice); Brown v. Sheinbaum, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 931146 (June 19, 1991, Lewis, J.) (4 Conn.L.Rptr. 210) (medical malpractice); Newbury Commons Ltd.v. Stamford, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 94196 (October 18, 1993, Karazin, J.) (municipal tax appeal); Crocco v. Lieb, Superior Court, judicial district of Waterbury, Docket No. 104638 (January 30, 1996, McDonald, J.) (16 Conn.L.Rptr. 52) (medical malpractice).
The common rationale of these cases for denying preparation costs is that there is no authority or legal basis for such allowance. A seminal case is Kirk v. Vagnini, supra. In that case, the prevailing plaintiff sought to have taxed the cost of the deposition of his medical expert, used at trial in lieu of the expert's presence, which request included compensation for four and a half hours preparation time as well as for eighty-five minutes of actual deposition time. The court denied compensation for the preparation time, stating that "Section 52-260 (f) clearly limits these costs to the reasonable cost of the physician's testimony either at trial or during the deposition and that does not include compensation for preparation."
Likewise, in Crocco v. Lieb, supra, the court disallowed compensation in a medical malpractice case for a medical expert's preparation time in connection with a deposition. The court stated its reasoning as follows: "The court holds that there is no authority for granting preparation costs. If the court were to begin awarding preparation costs for an expert's deposition, this policy could open a pandora's box to more expensive depositions controlled by the expert being deposed. This would have a chilling effect on the taking of expert depositions prior to trial."
Pre-DeMatteo cases allowing preparation costs include: Fasulo v.Clinton, Superior Court, judicial district of Middlesex, Docket No. 60409 (April 7, 1992, Spallone, S.T.R.), allowing without reference to §52-260 (f) preparation fees of an engineering expert in a condemnation case; Harding v. Jacoby, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 353674 (July 22, 1993, CT Page 11330 O'Neill, J.) (9 Conn.L.Rptr. 431), allowing recovery for preparation time of six medical experts in addition to charges for attendance at trial; and Bray v. Anderson, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 387656 (November 3, 1995, Aurigemma, J.), allowing recovery for a medical expert's preparation time in a medical malpractice case.
Quoted with favor in subsequent cases allowing preparation fees is the court's rationale therefor stated in Harding v. Jacoby, supra, namely: "trials are "90% preparation and 10% presentation,'" and "the court would consider an expert who testified with no preparation to be a representative of a minuscule minority and possibly `not worth his salt.'"
Then came M. DeMatteo Construction Co. v. New London, supra(DeMatteo). The sole issue before the Supreme Court was whether the trial court properly concluded that it lacked authority to award costs to the plaintiff, who had prevailed in a real property tax appeal, for fees the plaintiff had incurred to its appraiser for preparation of an appraisal report. The plaintiff claimed entitlement to these preparation costs under both General Statutes § 12-117a (appeals from decisions of boards of tax review) and § 52-260 (f). The trial court's conclusion was affirmed.
Stating that the plaintiff could prevail only if the statutory provisions upon which it relied "clearly empowered" the trial court to tax the costs of a real estate appraisal report, the Supreme Court determined that neither § 12-117a nor § 52-260 (f) did so. DeMatteo, supra, 716-17. With respect to the claim under § 52-260 (f), the Supreme Court emphatically stated the following: "The plaintiff fares no better under § 52-260 (f). By its express terms, § 52-260 (f) treats as taxable only those costs that arise from an expert's testimony at trial. . . . Although it is undoubtedly true that some or all of the work done by a real estate appraiser in preparing a report will provide the basis for the appraiser's testimony, that fact alone lends no support to the plaintiff's claim because, as we have previously stated, litigants in this state have long been held responsible for the payment of their own litigation expenses absent a clear expression of legislative intent to the contrary." Id., 717-18.
The DeMatteo ruling was followed in 84 Century Limited Partnership v.Rocky Hill, Superior Court, judicial district of Hartford, Tax Session, Docket No. 524244 (May 24, 1996, Aronson, J.) (17 Conn.L.Rptr. 107), denying preparation costs for the prevailing party's expert appraiser in a tax appeal.
Notwithstanding DeMatteo, preparation costs for medical experts have been allowed in a number of subsequent Superior Court cases. These include: Poirier v. Marlowe, Superior Court, judicial district of New Haven at New Haven, Docket No. 371733 (July 30, 1996, Corrodino, J.);Rivera v. St. Francis Hospital, Superior Court, judicial district of Hartford at Hartford, Docket No. 511982 (July 24, 1997, Lavine, J.) (20 Conn.L.Rptr. 180); Leveille v. Fishman, Superior Court, judicial district of Hartford at Hartford, Docket No. 540229 (November 19, 1998, Lavine, J.) (23 Conn.L.Rptr. 425); and Lamphere v. Norwich Anesthesia,
Superior Court, judicial district of New London at New London, Docket No. 534970 (May 13, 1999, Mihalakos, J.) A rationale for this divergence was expressed in Leveille v. Fishman, supra, namely that "DeMatteo is factually distinguishable because it does not deal directly with the issue of whether an award of reasonable preparation costs for expert medical witnesses is appropriate."
There is merit in both positions, pro and con. However, § 52-260
(f) makes no distinction between medical experts and real estate appraisers. Accordingly, the Court feels bound by the unequivocal ruling in DeMatteo that "[b]y its express terms, § 52-260 (f) treats as taxable only those costs that arise from an expert's testimony at trial. . . ." The Court has no authority to allow the preparation costs here claimed.
Even if the Court has such authority, the claimed preparation costs do not merit allowance. This is not a case such as Harding v. Jacoby,
supra, and Rivera v. St. Francis Hospital, supra, for example, where considerable necessary preparation time was spent by outside medical experts, whose testimony was crucial to the prevailing party's case, in reviewing extensive records and documentation in which they had no involvement. Here, Dr. Jackson's testimony primarily concerned his treatment of the Plaintiff at the Rockville General Hospital emergency room on the day of the incident, on the one occasion when he saw the Plaintiff.
The costs allowed by the Court are limited to those set forth in Plaintiff's Bill of Costs dated May 8, 2000, exclusive of Items Numbers 10 and 13, amounting in all to $1,011.90.
David L. Fineberg Superior Court Judge CT Page 11331