[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
ON TAXATION OF COSTS FOR PREPARATION TIME FOR EXPERT TESTIMONY
The plaintiff has objected to that portion of defendant's bill of costs that seeks reimbursement for costs of a medical expert incurred as a result of the expert's preparation for giving expert testimony at trial. The parties have briefed and argued the issue.
General Statutes § 52-260 (f) authorizes an exception to the general rule that parties bear their own litigation costs. That statute provides that:
 When [. . . a doctor . . . or real estate appraiser . . .] is summoned to give expert testimony in any action or proceeding, the court shall determine a reasonable fee to be paid to the [. . . doctor . . . or real estate appraiser . . .] and taxed as part of the costs. . . .
In M. DeMatteo Construction Co. v. New London, 236 Conn. 710 (1996), our Supreme Court interpreted the above provision as not covering the fees of an appraiser for preparation of an appraisal report: "§ 52-260
(f) treats as taxable only those costs that arise from an expert's testimony at trial." (Emphasis added.) Id at 717. Subsequent Superior Court cases have gone both ways on the issue of whether the preparation time of a medical expert is a taxable cost. CT Page 5018
This court does not believe the issue turns on whether the expert is a medical practitioner, but on whether the costs arise from an expert's trial testimony. In DeMatteo, the costs at issue arose from the preparation of a report, not trial testimony. This court determines that costs associated with preparation for trial testimony of an expert fall within the language of § 52-260 (f) and are not excluded by theDeMatteo interpretation.
At issue in this case are fees charged in the amount of $1950 by a medical expert for six and one-half hours of time spent preparing, from January 15 through 18, 2001, for trial testimony given on January 18. The court finds that a "reasonable" fee pursuant to § 52-260 (f) for this preparation is $900. Therefore, the taxable costs associated with Dr. Byrne's fees are $2700.
Adams, J.