[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON MOTION FOR BILL OF COSTS
In this medical malpractice case, the jury returned a verdict in favor of the defendant, Leonard DeFusco, M.D. The defendant now seeks acceptance of a bill of costs. The principal controversy is whether the court can assess costs for expert witness preparation time.
 DISCUSSION
The clerk has not ruled on the bill of costs pursuant to Practice Book § 18-5(a). The plaintiff has objected to the bill, but not within the fourteen day period provided for in § 18-5 (a). Neither party presses these procedural concerns. Accordingly, the court will decide the issue on the merits.
1. The defendant is entitled to prevailing party fees for a difficult case under General Statutes § 52-257 (a). The defendant is granted a total of $325 for items A, B, and C on its bill of costs.
2. With respect to item D on the bill of costs, deposition costs of $30 each are granted for Christime Maulucci and Michael Maulucci for a total of $60. The other deposition witnesses were either already paid by the plaintiff, see Bray v. Anderson, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 387656S (Oct. 31, 1995,Aurigemma, J.), or, in the case of Drs. Leshe Iffy and Bernard Passman, are recoverable under a different statute. See note 1 infra.
3. Item E raises the issue of whether a prevailing party can recover expert witness preparation costs under General Statutes § 52-260
(f).[1] In M. DeMatteo Construction Co. v. New London, 236 Conn. 710,674 A.2d 845 (1996), the Supreme Court held that "[b]y its express terms, § 52-260 (f) treats as taxable only those costs that arise from an expert's testimony at trial." Id., 717. The court accordingly upheld the denial of expert witness preparation costs, adding that "litigants in this state have long been held responsible for the payment of their own litigation expenses absent a clear expression of intent to the contrary." Id., 718.
The Supreme Court appears somewhat incorrect in stating that the express terms of the statute treat as taxable "only those costs that arise from an expert's testimony at trial." The express terms of § CT Page 667652-260 (f) instead authorize the recovery of a "reasonable fee," which the statute does not define, when certain designated experts are "summoned to give expert testimony in any action or proceeding." Nonetheless, this court is bound by DeMatteo. Its reasoning remains sound. There is no clear expression in § 52-260 (f) of the proposition that expert witness preparation costs are taxable. Absent such clear expression, the general rule prevails; litigants, even when prevailing, must bear their own preparation costs. Accord Liberman v.Deming, Superior Court, judicial district of Hartford, No. 572990 (Sept. 9, 1990, Fineberg, J.). Therefore, the preparation fees of Drs. Marc Bayer and Bernard Passman are denied.
The plaintiff objects to the claim for expert trial testimony costs of Dr. Anita Petruzzelli, arguing that she testified as a treating physician and a fact witness. In truth, she testified as a fact witness on direct examination by the plaintiff and then, to accommodate her schedule, as an expert witness for slightly more than one hour on cross-examination by the defendant. Considering the six hours that she spent in court the day that she testified, the defendant is entitled to reimbursement of expert trial testimony costs for a total of two hours, or $1,000, plus the fact witness fee of $30 for a total of $1,030.
Under § 52-260 (f), the defendant is also entitled the deposition fee for Dr. Iffy of $1775, see Ahern v. Moskovitzc, Superior Court, judicial district of Hartford-New Britain, Docket No. 313898 (Sept. 26, 1990, Maloney, J.), and his charge of $500 for reviewing and correcting the transcript. Finally, there is no objection to Dr. Passman's deposition testimony fee of $1875, see id; General Statutes §52-149a, and his trial testimony fee of $1400.
4. With respect to the remaining items on the bill of costs, the defendant has proven exhibit costs of $345.04 and service of process costs of $224, which includes one justifiable rushed service fee of $10 for Dr. Lawrence Lazor. The defendant's request for costs for the forty page complaint is denied, since it was the plaintiff who drafted the complaint and paid for filing it.
5. The final issue is which plaintiff should be assessed the costs. Although plaintiff Joseph Maulucci did not present any evidence, he did not file a withdrawal without costs, preferring instead to let a directed verdict enter against him. The court accordingly believes that he should share in the pretrial costs with plaintiff Christime Maulucci. The latter should bear the full costs of the costs of trial.
 CONCLUSION
CT Page 6677
The defendant's motion to accept the bill of costs is granted in part and denied in part. For the reasons stated above, the defendant is accordingly awarded a total of $7,534.04 in costs. Of this amount, $4,535.00, which is the amount attributable to pretrial costs, is taxable against both plaintiffs. The remainder of the costs, or $2,999.04, is taxable solely against plaintiff Christime Maulucci.
So ordered. May 21, 2001.
 _____________________ CARL J. SCHUMAN JUDGE, SUPERIOR COURT